BLANCHE, Judge.
This court, on motion of plaintiff-appellee, remanded the case to the trial court for the purpose of taking evidence in order to determine whether the notice of judgment was mailed to counsel of record as required by LSA-C.C.P. art. 1913 and if so, the date on which such notice was mailed. The trial court, in compliance with our order, found from the evidence that the Clerk of Court mailed a copy of the judgment to Dupont and Dupont, attorneys for defendant-appellant, Jeanette Patin Moon, *302 on September 2, 1969. We have reviewed the evidence and concur in the findings of the trial judge.
In the absence of the clerk’s certificate showing the date of the mailing of the judgment and to whom it was mailed, doubt should be resolved in favor of the right to appeal. Bielkiewicz v. Insurance Company of North America, 201 So.2d 130 (La. App. 3rd Cir. 1967). In resolving this issue the trial court rejected the testimony of appellant’s counsel that they did not receive a copy of the judgment. In so doing, the trial court accepted the testimony of counsel for appellee who testified that he was telephoned by appellant’s counsel, Joseph Dupont, and notified of. the signing of the judgment even before he had received his copy of the judgment from the clerk. He further testified that he was advised by appellant’s counsel, Joseph Du-pont, that he would appeal the trial court’s decision. The trial court also relied on the testimony of counsel for appellee and his secretary that a copy of the judgment was mailed to their office on September 2, 1969. The Clerk of Court, while unable to testify positively that she had mailed a copy of the judgment to counsel for appellant as she had no proof of the mailing, felt certain that she had mailed it in view of the fact that she made two certified copies of the judgment and counsel for appellee received his copy. Additionally, the court reporter testified that counsel for appellant ordered a transcript of the appeal record on September 4, 1969, two days after the judgment was mailed. In the usual case transcripts are ordered for the purpose of appeal and usually ordered by counsel for appellants after having been notified of an adverse judgment in the trial court. The only testimony in favor of appellant that the clerk did not mail the judgment came from appellant’s counsel, Joseph and James Dupont. James Dupont testified that to the best of his knowledge he did not receive a copy of the judgment, and Joseph Dupont testified to the effect that his brother James handled all of the appeals and that he would have to say that he did not get a copy of the judgment because he did not have a copy in his file and did not remember receiving a copy.
We now turn to a consideration of the motion to dismiss the appeal. The trial judge, after hearing the case on July 8, 1969, took the case under advisement and rendered a judgment of separation in favor of the plaintiff-appellee, Richard Moon, and against defendant-appellant, Jeanette Patin Moon, on September 2, 1969. Since the trial judge took the case under advisement, the clerk is required by the provisions of LSA-C.C.P. art. 1913 to mail a notice of the signing of the final judgment in such case to the counsel of record for each party.
LSA-C.C.P. art. 3942 provides that an appeal from a judgment granting or refusing “an annulment of marriage, a separation from bed and board, or a divorce can be taken only within thirty days from the applicable date provided in Article 2087 (1) — (3)
LSA-C.C.P. art. 2087 (l)-(3) provides that the time period in which a party may take an appeal shall commence from the date of the mailing of the notice of the court’s refusal to grant a timely application for a new trial or the expiration of the delay for applying for a new trial as provided by Article 1974 of the Code of Civil Procedure.
LSA-C.C.P. art. 1974 provides that the delay for applying for a new trial commences to run from the day after the clerk has mailed or the sheriff has served the notice of judgment as required by Article 1913.
Considering the foregoing provisions, appellant, according to our calculations, would have had until October 5, 1969, to have perfected her appeal, and since the security therefor was not posted until October 23, 1969, the appeal was not timely filed. As we stated in our earlier opinion herein, a failure to perfect an appeal timely is jurisdictional.
*303 For the above and foregoing reasons, the appeal is dismissed, at the cost of defendant-appellant.
Appeal dismissed.