MAX N. TOBIAS, JR., Judge.
hWe grant the application for supervisory writ to consider whether the trial court erred in refusing to grant the relator, International Fidelity Insurance Company (“IFI”), the issuer of a commercial surety appearance bond for Clarence Young, the defendant, a suspensive appeal from a judgment of court ordering the forfeiture of an appearance bond. For the reasons that follow, we conclude that the trial court erred by refusing to grant IFI’s motion for a suspensive appeal.
The forfeiture of a criminal bail bond is a civil proceeding in nature. La.C.Cr.P. art. 313.
La. R.S. 15:85, relative to the forfeiture, enforcement; and collection of bail bonds states in pertinent part:
(6) Appeals.
(a) The defendant and his sureties shall have the right to an appeal that suspends the effect or the execution of the judgment of bond forfeiture. The security to be furnished for this sus-pensive appeal shall be equal to the bail obligation.
(b) The defendant and his sureties shall have the right to a devolutive appeal of the judgment of bond forfeiture.
(c) All appeals shall be to the appellate court having general civil appellate jurisdiction over the court issuing the judgment of bond forfeiture. [Emphasis supplied.]
l2By virtue of the literal language of La. R.S. 15:85(6)(c), an appeal of the forfeiture of a bail bond is to the appellate court having general civil jurisdiction over the court issuing the judgment. Ordinarily appeals of judgments from the Municipal Court of Orleans Parish are to the Criminal District Court for the Parish of Orleans. However, the Criminal District Court has no civil jurisdiction under La. Const. art. V, § 16(A), except with respect to such matters arising within the original jurisdiction of the Criminal District Court. See Pope v. State, 99-2559, p. 6 n. 9 (La.6/29/901), 792 So.2d 713, 717. Since Criminal District Court has no general civil jurisdiction, the court having such jurisdiction over the Municipal Court of Orleans Parish is the Fourth Circuit Court of Appeal. La. Const. art. V, § 10(A); State, City of Bossier City v. Miller, 40,492, pp. 4-5 (La.App. 2 Cir. 1/25/06), 920 So.2d 408, 411.
We conclude that the trial court is required by law to grant to IFI its motion for suspensive appeal. Accordingly, we reverse the judgment of the trial court denying the relator its motion for a sus-pensive appeal and ordering that IFI seek supervisory writs from this court. We remand this matter to the trial court for its entry forthwith of an order granting IFI a suspensive appeal as provided by law and returnable to this court within the time period provided by law.

WRIT GRANTED; JUDGMENT REVERSED; REMANDED WITH INSTRUCTIONS.