EDWIN A. LOMBARD, Judge.
hThe State of Louisiana appeals the trial court judgment granting the motion for an extension of time filed by American Bankers Insurance Company (American Bankers). After review of the record in light of the applicable law and arguments of the parties, we affirm the judgment of the trial court.

Relevant Facts and Procedural History

Generio Allen was arrested in Orleans Parish on June 29, 2009. The next day (June 30, 2009), bond was set on two *928 charges at $25,000.00 and $15,000.00. On September 1, 2009, American Bankers posted an aggregate $40,000.00 in commercial surety bonds to secure the appearance of Mr. Allen in court. Prosecution was instituted on September 1, 2009, and Mr. Allen was arraigned shortly thereafter. On January 11, 2010, the trial court appointed counsel to represent Mr. Allen and ordered him to appear in court for a motion hearing on January 29, 2010. Upon Mr. Allen’s failure to appear at the hearing, the State moved to forfeit the bonds. Accordingly, on January 29, 2010, the trial court rendered and signed two judgments of bond forfeiture against the defendant and American Bankers, and in favor of the State, totaling $40,000.00. Notice of the signing of the judgments was sent to American Bankers on March 8, 2010.
|2On August 27, 2010, American Bankers filed a timely motion for extension of time within which to surrender the defendant. The State filed an exception of no cause of action, arguing that the law only allowed an extension of time to surrender an accused where “a fortuitous event has occurred and ... the event has made it impossible to perform as required under contract” pursuant to La.Code Crim. Proc. art. 845(1). On October 5, 2010, before a hearing was held on American Bankers’ motion, the surety surrendered Mr. Allen to state custody. Shortly thereafter, American Bankers filed a motion to set aside the bond forfeiture judgments.
On November 29, 2010, the trial court held a contradictory hearing on the pending motions. After noting that the motion for extension of time had been timely filed and the defendant had already been surrendered to state custody, counsel for American Bankers related that within two hours of being surrendered to state custody, the defendant was back in federal custody where it was believed he had been all along “in protective custody working on a case.” The State argued that American Bankers’ motions should be denied because there was no evidence that Mr. Allen was in protective federal custody and, in any event, the only statutory exception to the six month period of time in which to surrender a defendant was specifically related to “a Hurricane Katrina situation” and therefore inapplicable.
In response to the State’s argument, the trial judge, a former assistant U.S. attorney, observed:
... Let me just say this: I understand State, your argument is that there may not be any proof of what counsel argues about where Mr. Allen was, but I have no reason to believe as an officer of the court that he would lie to me about that. As I look in the computer system I see that Mr. Allen was booked on the Federal Tier. The only |sway you go to the Federal Tier is if you’ve got some involvement with Federal charges.
I don’t know that you dispute that Mr. Allen is an unindicted coconspirator, but I cannot turn a blind eye to my previous employment when you do have an unin-dicted coconspirator and that unindicted coconspirator may be flipping on the other people often times the Feds get you out of town so that you’re still alive when the case gets ready to go to trial....
Only one witness, called by the State, testified at the hearing: the bondsman who apprehended and surrendered the defendant. He testified that Mr. Allen was booked under federal custody upon being surrendered to the State. He also indicated that there was a “sealed indictment” against the defendant.
The trial judge granted American Bankers’ motion to set aside bond forfeitures, reasoning as follows:
Here is my reason for granting the Motion to Set Aside Bond Forfeiture. We *929 did not have a Contradictory Hearing on the Motion to Extend the Time. I would have granted the Motion to Extend the Time had the information that was now presented to me would [sic] have been presented to me at that time, particularly if the reason why the bond company was having trouble reaching him was because he was hiding out or whatever the case may be. Because he was an unindicted coconspirator in a sealed indictment in Federal Court, I think that would have been sufficient grounds to give them a little bit additional time to get here. I would not have given six more months, but I certainly would have given an additional thirty days. So far I have now learned that [American Bankers], shortly after having filed a request for extension of time, found the defendant within twenty two days. I think that’s sufficient. And so that is my reason for granting the motion to set aside the bond forfeiture because I would have granted the extension of time to surrender the defendant. So I am now granting the motion for extension of time to surrender the defendant and I’m granting the Motion to Set Aside Bond Forfeiture....

Discussion

The State contests the trial judge’s decision to grant American Bankers’ timely filed motion for extension of time,[1] arguing that it was an abuse of | discretion because the exception allowed under La. Code Crim. Proc. art. 345(1) is strictly limited to the “unique legal environment which existed following Hurricane Katrina.” We disagree.
It is axiomatic that the purpose of bail is to ensure that the accused will appear at all stages of the proceedings to answer the charge for which he will be prosecuted. Moreover, bond forfeitures are not favored in Louisiana. State v. Brown,, 2011-0804, p. 2 (La.App. 4 Cir. 1/11/12), 80 So.3d 1288, 1290 (citation omitted). Criminal bail bonds are contractual (and, therefore, civil in nature), but are governed by a blend of civil contract law, criminal statutes, and the code of criminal procedure. La.Rev.Stat. 15:83(A). A surety entering into a criminal bail obligation assumes “those risks reasonably foreseeable,” La.Rev.Stat. 15:83(B), but is not liable for his failure to perform if a “fortuitous event” makes performance impossible unless he has specifically assumed that risk. La.Rev.Stat. 15:83(0(1); see also La. Civ.Code art. 1873 (an obligor is not liable for his failure to perform when it is caused by a fortuitous event that make performance impossible[2], unless the obli-gor assumed the risk of such fortuitous *930 event.). A “fortuitous event” is statutorily-defined as “one that, at the time the contract was made, could not have been reasonably foreseen by the surety.” La.Rev. Stat. 15:83(C)(2).
A surety is generally allowed only six months from the date of notification of non-appearance to surrender the defendant to the appropriate state authority, but La.Code Crim. Proc. art. 345(1) provides in pertinent part:
| Jn addition to and notwithstanding any other provision of law, a surety may seek and extension of time to surrender a defendant, or have the judgment of bond forfeiture set aside by filing a motion in the criminal court of record and after contradictory hearing with the district attorney and with proof satisfactory to the court that a fortuitous event has occurred and the event has made it impossible to perform as required under the contract.... The court in its discretion may do any of the following:
(1) Set aside the forfeiture or grant the nullity.
(2) Grant an extension of up to three hundred sixty-six days from the expiration of the initial time period allowed for the surrender of the defendant from the date of mailing of proper notice of bond forfeiture ....
La.Code Crim. Proc. art. 345(1) (emphasis added).
Although La.Code Crim. Proc. art. 345(1) was amended in 2006 and the legislative notes accompanying its amendment reference the devastation and displacement caused by Hurricanes Katrina and Rita as an underlying motivation for the amendment, there is nothing in its language that specifically restricts its application to statewide disaster or emergency situations. Similarly, the State’s reliance on State v. De La Rosa, 43,696 (La.App. 2 Cir. 10/22/08), 997 So.2d 165, is misplaced. In that case, our brethren in the Second Circuit affirmed the trial court judgment denying the surety’s motion to set aside the bond forfeiture, finding that the risk of an alien defendant fleeing to his native country and failing to make a court appearance was an obvious and foreseeable risk that did not meet the definition of a fortuitous event under La.Code Crim. Proc. art. 345(1). The defendant in this case, however, is not an alien and, thus, an obvious flight risk to the potential surety. Moreover, although there is always the possibility that a defendant charged with a state drug-distribution crime might become a cooperating witness in a federal case (much as there is always a possibility that a major |Bhurricane might pass through New Orleans during hurricane season), the mere possibility of an event does not necessarily constitute an event that “could [ ] have been reasonably foreseen by the surety.” La.Rev.Stat. 15:83(C)(2). Clearly, it is preferable for a surety to come forward with some concrete evidence to support its motion, such as an affidavit from the U.S. Attorney explicitly stating that a defendant is a cooperating witness in a federal case and therefore unavailable to the surety. This, however, is an unlikely scenario and, in any event, La. Code Crim. Proc. art. 345(1) requires only “proof satisfactory to the court.” As such, although the proof before the trial judge was very circumstantial, we do not find that she abused her discretion[3] in *931 accepting that an underlying factor in the surety’s inability to surrender Mr. Allen within the initial time-frame was the action of another governmental entity and, thus, granting American Bankers’ motion for extension of time.

Conclusion

The judgment granting American Bankers’ motion for extension of time and, concomitantly, American Bankers’ motion to set aside the judgments of bond forfeiture is affirmed.
AFFIRMED.
TOBIAS, J., dissents and assigns reasons.
BONIN, J., concurs with reasons.

. Notably, at the end of the hearing, the State requested that the trial judge deny its exception of no cause of action (filed in response to American Bankers' motion for extension of time) to facilitate the State seeking a supervisory writ on the issue. Although the trial court complied and gave the State two weeks to apply for a writ, there is no indication that the State followed through on its intention to seek review of the judgment denying its exception.

. The dissenting judge's insistence that the "fortuitous event” in La.Rev.Stat. 15:83(2) is necessarily only a force majeure, i.e., an irresistible force such as a hurricane, is problematic. Revision Comment (c) to La. Civ.Code art. 1873, quoted in full in the dissent, explicitly states that impossibility of performance is "the English equivalent of the French cas fortuit ou force majeure " and that the term "fortuitous event" was chosen for Article 1873 because it "it implicitly encompasses the companion concept ...” In other words, pursuant to La. Civ.Code art. 1873, a "fortuitous event” encompasses or includes (but is not restricted to or subsumed by) the definition of an irresistible force. In this context, it is difficult to perceive that the use of the term *930 "fortuitous event" in La.Rev.Stat. 15:83(C)(2) is restricted to a "force majeure."

. The dissenting judge correctly notes that prior to 2010, La.Code Crim. Proc. art. 345(1) provided that an extension of time required "proof satisfactory to the discretion of the court” rather than (as it does now) "proof satisfactory to the court.” Because the *931 court’s exercise of discretion is inherent in "proof satisfactory to the court,” the deletion of the “to the discretion” appears to constitute the removal of redundant language rather than, as the dissent suggests, imposing severe new restrictions on the trial judge's determination of whether an extension of time is appropriate under the circumstances of the case.