DANIEL L. DYSART, Judge.
Financial Casualty & Surety Company (“FCS”), appeals the trial court judgment denying its motion to set aside a judgment of bond forfeiture. For the reasons that follow, we affirm.
FACTS AND PROCEDURAL HISTORY
According to the record before us, after a bill of information was filed against Mr. Jones, charging him with' possession of controlled dangerous substances (cocaine and marijuana), bond was set by the magistrate judge at $22,500. FCS posted two surety bonds on Mr. Jones’ behalf that day, one in the amount of $15,000 and the other in the amount of $7,500. The court set the arraignment for April 26, 2013,
Mr. Jones failed to appear for the scheduled arraignment on April 26, 2013, at which time the State sought the forfeiture of the bonds. The trial court granted the State’s motion and, on April 26, 2013, executed a judgment in favor of the State of Louisiana and against Mr. Jones, and FCS as commercial surety, in the amount of $22,500. The trial court also issued an alias capias for Mr. Jones at that time, | ^without bond.[1] The matter was then continued without date. Notice of the bond forfeiture was mailed to FCS and Mr. Jones on May 30,2013.
On October 23, 2013, FCS filed a Motion to Set Aside Bond Forfeiture and Petition for Nullity of Judgment. After a hearing held on November 5, 2013, the trial court took the matter under advisement and on November 12, 2013, denied FCS’s motions. Counsel for FCS objected to the ruling, indicating an intent to seek a writ of supervisory review. The Docket Master then reflects that, over the next few months, FCS filed various motions for extensions of time. Ultimately, an appeal was lodged with this Court on November 12, 2014; however, because the record did not contain a signed judgment on FCS’s motions, the appeal was dismissed as premature and the matter remanded to thé trial court. See State v. Jones, 14-1259 (La.App. 4 Cir. 5/27/15), 171 So.3d 1020.
The record does not indicate what occurred regarding the bonds after the matter was remanded, but only pertains to Mr. Jones, himself.[2] However, the record *952 now contatos a written judgment, dated June 18, 2015, by which the trial court denied FCS’s motions. This appeal timely followed with FCS’s Motion for Suspensive Appeal filed and granted on July 15, 2015.[3]
DISCUSSION
We note, at the outset, that “[b]ond forfeitures áre not favored to Louisiana” and therefore, “the State must strictly comply with statutory provisions to obtain a judgment of bond forfeiture.” State v. Nellon, 12-1429, p. 5 (La.App. 4 Cir. 9/4/13), 124 So.3d 1115, 1118. In this appeal, FCS does not suggest that the bond forfeiture was invalid or that the State did not comply with the statutory requirements necessary for a judgment of bond forfeiture. Rather, FCS maintains that the trial court erred to denying its motion to set aside bond forfeiture on the basis that Mr. Jones was incarcerated at the Orleans Parish Prison on July 9, 2013, some two and a half months after the alias capias was issued without bond.[4] FCS argues that, under La.C.Cr.P. art. 345, it was relieved of its obligations on the bond based on Mr. Jones’ incarceration within the time delays for setting aside a judgment of bond forfeiture. We disagree.
As this matter presents an issue of law, we review it de novo to determine whether the trial court’s decision is legally correct. See, French Quarter Realty v. Gambel, 05-0933, p. 3 (La.App. 4 Cir. 12/28/05), 921 So.2d 1025, 1027.
There are no cases which specifically address the issue in this case — whether, under Code of Criminal Procedure Article 345, a defendant’s arrest and release in the same jurisdiction of his original arrest, following the issuance of an alias capias without bond, are grounds for setting aside a judgment of bond forfeiture. FCS maintains that the Orleans Parish Sheriff’s Office was responsible for retaining custody of Mr. Jones after his July 9, 2013 arrest because the trial court had issued an alias capias without bond on April 26, 2013. It then argues that, because of the failure of the Sheriffs Office to retain custody, and because Mr. Jones was incarcerated by “the officer originally charged with his detention,” it “must be relieved of all obligations under the bond.”
The purpose of a bail (and a bond securing bail) is to ensure that the accused will appear at all stages of the proceedings to answer the charge for which he will be prosecuted. State v. Allen, 11-0693, p. 4 (La.App. 4 Cir. 8/8/12), 98 So.3d 926, 929. See also, State v. Matteson, 36,628, p. 7 (La.App. 2 Cir. 12/11/02), 833 So.2d 1199, 1203 (“The basic concept of the bail obligation is to make certain that a defendant appears in court with the surety paying a financial penalty when he fails to do so”). When a defendant fails to "be present in court at a subsequent scheduled appearance, the State may obtain a forfeiture of the surety bond. Importantly, “the surety may surrender the defendant or the defendant may surrender himself, in open court or to the officer charged with his detention, at any time prior to forfeiture or within the *953 time allowed by law for setting aside a judgment of forfeiture of the bail bond.” La.C.Cr.P. art. 345 A. To effect a surrender, the surety “may [even] arrest him.” Id.
There is no question in this cáse that Mr. Jones was not “surrendered” to the court by FCS, nor did he self-surrender at any time. The.issue in this case relates to Mr. Jones’ subsequent brief incarceration and whether that incarceration absolves FCS of liability under the bond. At the heart of this matter is the interpretation of La.C.Cr.P. art. 345 B, which provides as follows:
B. If the defendant is incarcerated by the officer originally charged with his detention at any time prior to forfeiture or within the time allowed by law for setting aside a judgment for forfeiture of the bail bond, the surety may apply for and receive from any officer in charge of any facility in the state of Louisiana or a foreign jurisdiction charged with the detention of the defendant a letter verifying that the defendant is incarcerated, but only after the surety verifies to the satisfaction of the officer charged with the detention of the defendant as to the identity of the defendant. After compliance with the provisions of Paragraph F[5] of this Article, the surety shall be fully and finally discharged and relieved, as provided for in Paragraphs C and D of this Article, of all obligations under the bond.
La.C.Cr.P. art. 345 B. (Emphasis added).
The time period for setting aside a judgment of bond forfeiture, as referenced in Article 345 B, is set forth in La.C.Cr.P. art. 349.5. When a surety seeks to nullify a-forfeiture for those grounds set forth in La. C.C.P. art. 2001 (“vices of either form or substance, as provided in [La. C.C.P.] Articles 2002 through 2006”), it may do so by use of summary proceedings “within sixty days after the date of mailing the notice of the signing of the judgment of bond forfeiture.” La.C.Cr.P. art. 349.5 A. Otherwise, when the grounds for setting aside a bond forfeiture arise out- of La: C.Cr.P. arts. 345 or 349.9, a surety may seek to set-aside the forfeiture “within one hundred eighty days after the date of | ^mailing the notice of the signing of the judgment of bond forfeiture.” La.C.Cr.P. art. 349.5 B.[6] Thereafter, “[w]hen the defendant has been surrendered in conformity with this Article or a letter of verification of incarceration has been issued to the surety as provided for in this Article, the court shall, upon presentation of the certificate of surrender or the letter of verification of incarceration, order that the surety be exonerated from liability on his bail undertaking and shall order any judgment of forfeiture set aside.” La.C.Cr.P. art. 345 F. In this' matter, FCS sought to set asidé the bond forfeiture based on the provisions of Article 345; accordingly, it had one hundred eighty days from April 26, 2013, within which to file its motion. It met this deadline by filing its motion to set aside bond forfeiture three days before the one hundred eighty days elapsed, on October 23, 2013.
*954 In support of its motion, FCS attached a “Letter of Verification of Incarceration,” from the Orleans Parish Sheriffs Office, dated August 14, 2013, which states that Mr. Jones “was incarcerated from July 9, 2013 through July 9, 2013.” Under FCS’s interpretation of the statute, because Mr, Jones was incarcerated “by the officer originally charged with his detention” for this one day, albeit “within the time allowed by law for setting aside a judgment for forfeiture,” it was entitled to be fully discharged from its obligations under the bond within the meaning of Article 345 B.
Because Article 345 B provides that “the surety shall be fully and finally discharged and relieved, as provided for in Paragraphs C and D of this Article, of all obligations under the bond,” a surety must meet the provisions of paragraphs C and D in order to be relieved of its obligations. Paragraph C pertains to fees that must be paid “to the officer charged with the defendant’s detention for recalling the capias” and for the issuance of “a letter of verification of incarceration” when the surety receives “either a certificate of surrender” as per paragraph A or “a letter of verification as provided for in Paragraph B.” Paragraph D states that “[i]f during the period allowed for the surrender of the defendant, the defendant is found to be incarcerated in another parish of the state of Louisiana or a foreign jurisdiction, the judgment of bond forfeiture is deemed satisfied” if certain conditions are met, one of which is that “[t]he sureties of the defendant provide the court adequate proof of incarceration of the defendant, or the officer originally charged with his detention verifies his incarceration.” La.C.Cr.P. art. 345 D.
While Article 345 D addresses a defendant’s subsequent incarceration in “another parish ... or foreign jurisdiction,” it does not clearly set forth the procedure to be followed in setting aside a bond forfeiture when a defendant is subsequently “incarcerated by the officer originally charged with his detention” within the -one hundred eighty days. However, Paragraph B plainly states that “[i]f the defendant is incarcerated by the officer originally charged with his detention,” the surety “may apply for and receive from any officer in charge of any facility in the state of Louisiana or a foreign jurisdiction charged with the detention of the defendant a letter verifying that the defendant is incarcerated.” La.C.Cr.P. art. 345 B. (Emphasis added). Clearly, the present tense wording of these provisions indicates that continual incarceration is contemplated by the statute. It requires that a defendant be incarcerated and that the letter of verification demonstrate that the defendant is incarcerated at that time. This interpretation also is in keeping with our jurisprudence, which has interpreted Article 345 to “appl[y] to circumstances in which a defendant who fails to make a court appearance cannot be surrendered by the surety because the defendant has been subsequently incarcerated and is still in jail.” State v. Ramee, 05-748, p. 4 (La.App. 5 Cir. 5/9/06), 930 So.2d 1092, 1095.
FCS argues that La. R.S.15:83 B indicates that a surety assumes only “those risks that are reasonably foreseeable.” The statute actually states that a surety, “when entering into a criminal bail bond obligation, must consider the risks of his undertaking and assume those risks reasonably foreseeable.” La. R.S. 15:83 B. The statute then provides, in pertinent part:
C. (1) The surety is not liable for his failure to perform when it is caused by a fortuitous event that makes performance impossible. A surety is, however, liable for his failure to perform when he has assumed the risk of such a fortuitous event.
*955 (2) A fortuitous event is one that, at the time the contract was made, could not have been reasonably foreseen by the surety.
La. R.S. 15:83 C. As an example, this Court found a defendant’s failure to appear in court because he was in federal protective custody and working with the federal government on a case to be a fortuitous event warranting performance on a bond impossible. See, State v. Allen, 11-0693 (La.App. 4 Cir. 8/8/12), 98 So.3d 926. In State v. De La Rosa, 43,696, p. 6 (La.App. 2 Cir. 10/22/08), 997 So.2d 165, 169, on the other hand, the risk that an alien defendant would flee to his native country and fail to make a court appearance was held to be an obvious and foreseeable risk “involved in a bail bond obligation” and this did not meet the definition of a fortuitous event. The De La Rosa Court also recognized that the “[d]isplacement of criminal defendants by a catastrophic natural disaster would not be the type' of risk reasonably contemplated in the ordinary bail bond obligation.” Id.
We do not believe that the risk that a defendant may be arrested on other charges after the entry of a bond forfeiture, and not be held in custody by the arresting official (even when an alias capi-as has been issued without bond), is the kind of fortuitous event that would absolve a surety from liability under a bond.
Accordingly, we find that, under the circumstances of this case, the trial court correctly denied FCS’s Motion to Set Aside Bond Forfeiture,
CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED
LOVE, J., dissents and assigns reasons.
LOBRANO, J., dissents and assigns reasons.
JENKINS, J., concurs in the result.

. In addition to the sum of $22,500, the judgment also ordered Mr. Jones and FCS to pay-legal interest, reasonable attorney's fees in the amount of 25% of the bond and various other charges and costs.

. At an arraignment on March 5, 2015, Mr. Jones pled guilty to both counts and was sentenced on the first count to 30 months at hard labor at the Department of Corrections, and on the second count, to 6 months at Orleans Parish Prison. After a multiple bill was filed by the State, the sentences were vacated, and Mr. Jones was sentenced as a multiple offender to 30 months at hard labor with the Department of Corrections, with credit for time served.

. The Order of Appeal references transcripts from a hearing on October 21, 2014 and a December 9, 2014 hearing on a Motion for New Trial. Neither of these transcripts are part of the record, and there is no indication in the record that hearings were held on either of these days.

. Mr. Jones was arrested on July 9, 2013, for driving while intoxicated and came before the Traffic Court of New Orleans, where bail was set at $6,500. Mr. Jones obtained a surety bond from Accredited Surety and Casualty Company, Inc., and that bond, too, was forfeited by a judgment dated August 13, 2013, and an alias capias was issued by the Traffic Court for Mr. Jones' arrest with bail set at $10,000.

, Paragraph F states: "When the defendant has been surrendered in conformity with this Article or a letter of verification of incarceration has been issued to the surety as provided for in this Article, the court shall, upon presentation of the certificate of surrender or the letter of verification of incarceration, order that the surety be exonerated from liability on his bail undertaking and shall order any judgment of forfeiture set aside.” La.C.Cr.P. art. 345 F.

. La.C.Cr.P. art. 349.9 provides certain circumstances in which no judgment of forfeiture shall be entered (e.g., where a defendant has a physical disability, illness or injury), none of which apply to this matter.