STATE OF LOUISIANA  *  NO. 2018-KA-0355

VERSUS  *

TEDDY R. MAGEE  *  COURT OF APPEAL

  FOURTH CIRCUIT

  *

  STATE OF LOUISIANA

* * * * * * *

APPEAL FROM
ST. BERNARD 34TH JUDICIAL DISTRICT COURT
NO. 359-770, DIVISION "E"
Honorable Jacques A. Sanborn, Judge

* * * * * *
**Judge Dale N. Atkins**
* * * * * *

(Court composed of Chief Judge James F. McKay, III, Judge Terri F. Love, Judge Joy Cossich Lobrano, Judge Sandra Cabrina Jenkins, Judge Dale N. Atkins)

LOVE, J., DISSENTS WITH REASONS
LOBRANO, J., CONCURS IN THE RESULT OF JUDGE ATKINS.
JENKINS, J., DISSENTS WITH REASONS


David C. Jarrell
LAW OFFICES OF DAVID C. JARRELL, APLC
1101 W. St. Bernard Highway
Chalmette, LA 70043

Perry Michael Nicosia, District Attorney
34TH JDC, ST. BERNARD PARISH
1101 W. St. Bernard Highway
Chalmette, LA 70043


COUNSEL FOR STATE OF LOUISIANA/APPELLANT


**REVERSED AND REMANDED**

**SEPTEMBER 4, 2019**

The State of Louisiana ("State") appeals two judgments issued by the trial court on April 25, 2011, and January 28, 2013, respectively. In the April 25, 2011 Judgment, the trial court granted the motion to set aside a $40,000 bond forfeiture on a bond which had previously been forfeited to the State on October 20, 2010, when the defendant, Teddy Magee ("Defendant") failed to show for his initial appearance. In the January 28, 2013 Judgment, the trial court set aside a bond forfeiture in the amount of $40,000 for a bond also forfeited to the State as a result of Defendant's non-appearance at a scheduled trial proceeding on April 3, 2012. For the following reasons, we reverse both judgments of the trial court setting aside the bond forfeitures and remand.

**Background and Procedural History**

On July 12, 2010, a bill of information was filed in the 34th Judicial District Court, Parish of St. Bernard, charging Defendant with possession of a controlled dangerous substance with intent to distribute, namely crack cocaine, in violation of La. R.S. 40:967. Defendant was subsequently arrested, on or about July 14, 2010, for felony possession of crack cocaine with intent to distribute and driving without a driver's license, a misdemeanor violation of La. R.S. 32:52. Bond was set at $40,000 and an initial appearance was set for October 20, 2010. On October 20,

1

2010, Defendant failed to show for his initial appearance, bench warrants were issued for his arrest and his bond of $40,000 was forfeited to the State by a Judgment signed on October 27, 2010. On November 5, 2010, a notice of bond forfeiture was mailed to the surety, Bankers Insurance Company ("Bankers"). On November 12, 2010, Defendant appeared in open court with counsel, was arraigned and pled not guilty.[1] A motion hearing date of January 24, 2011, was set and trial was set for March 1-3, 2011. On March 9, 2011, Bankers filed a motion to set aside bond forfeiture based upon Defendant being incarcerated in Orleans Parish within 180 days of the mailing of the notice of bond forfeiture.[2] A "Letter of Verification of Incarceration," dated December 15, 2010, was submitted by Bankers with the motion to set aside bond forfeiture to show that Defendant was incarcerated in Orleans Parish Prison from December 7, 2010, "thru Present." However, there is no record evidence to show that the State was served with the motion to set aside bond forfeiture and its supporting documentation. An Order to Show Cause why the motion to set aside bond forfeiture should not be granted was issued by the trial court on March 17, 2011. The record shows that the Order on the Rule to Show Cause was sent to a post office box rather than personally served on the district attorney or served via certified mail in compliance with La.C.C.P. art. 1313(C). On April 25, 2011, counsel for Bankers appeared before the court and represented that he was seeking a motion to set aside the bond forfeiture as Defendant had been incarcerated within one hundred and eighty days of his failed

---

[1] An extract of court minutes dated November 11, 2010, shows that the "bond forfeiture was set aside" by the court when Defendant appeared in court. However, no written judgment or transcript commemorating a bond set aside in November 2010 is in the record.

[2] No certification was made in that pleading that the District Attorney was served with the motion.

court appearance. Counsel for the State asked if opposing counsel had any documentation regarding the "holdings in Orleans" and counsel for Bankers indicated he had a "Letter of Verification of Defendant's Incarceration in Orleans Parish." Counsel for the State, appearing not to have a copy of the motion, stated, "Has it been attached?" Upon Banker's counsel's response in the affirmative, the court stated, "Granted."

Subsequent to the hearing, Bankers was served with notice of the signing of the April 25, 2011 judgment setting aside the bond forfeiture but the State was never served with notice of the same.

After numerous trial continuances, Defendant failed to appear for trial on April 3, 2012. Bench warrants were once again issued for his arrest and his bond of $40,000 was forfeited, per the trial court's written judgment dated April 12, 2012. Notice of the bond forfeiture was mailed to all parties on or about April 24, 2012. On October 23, 2012, Bankers filed a motion to set aside the April 12, 2012 judgment of bond forfeiture and a petition for nullity of judgment alleging that Defendant was incarcerated at Allen Correctional Center as of March 9, 2012, "until the present," which was at least until October 19, 2012, the date stated on the "Letter of Incarceration." Again, Bankers failed to request and properly serve the State with the motion to set aside bond forfeiture. On January 28, 2013, the trial court held a hearing on Bankers' motion to set aside the judgment of bond forfeiture. When counsel for Bankers made his appearance relative to Bankers' motion to set aside bond forfeiture on behalf of Defendant and in another case, counsel for the State replied, "I don't see either one . . . I don't see a motion." The court indicated it was on the docket for a motion to set aside bond forfeiture and a brief, untranscribed bench conference was held. Back on the record, Bankers'

3

counsel stated that Defendant was incarcerated in the Allen Correctional Center and the State "submitted the matter on the record". The trial court granted Bankers' motion to set aside the judgment of bond forfeiture, issuing a written judgment on that same date. Again, notice of the signing of the January 28, 2013 judgment was sent to Bankers but there is no evidence in the record to establish that notice of the January 28, 2013 judgment was sent to the State.

On August 9, 2017, and October 12, 2017, respectively, the State filed a motion for new trial and a motion to vacate the judgment which set aside the judgment of forfeiture. In the motion for new trial, the State argued that the State had not been properly served with notice of the April 25, 2011 hearing date on the motion to set aside forfeiture and had not been mailed the April 25, 2011 judgment setting aside the bond forfeiture, thus the motion for new trial was urged to be considered as timely filed. Moreover, the State argued that, although paying the costs of extradition would have been "implicit" in Defendant's motion to set aside forfeiture, Bankers had, in fact, failed to pay the requisite costs of extradition as required by La. C.Cr. P. art. 345(D) and was therefore not entitled to Article 345(D) relief.[3] The State contended that it was not until December 23, 2016, that the State learned the requisite costs of transportation as required by Article 345(D) had not been tendered. Also, the State urged that the trial court's judgment of April 25, 2011, was null and void because Bankers had failed to properly serve the notice of the motion and of the hearing date as required for a contradictory motion.

---

[3] The provisions of the Code of Criminal Procedure discussed in this appeal, notably articles 345, 349.9, and 349.5, were repealed by the legislature effective January 1, 2017. See 2016 La. Acts No. 613 (§ 4). However, at all times relevant to this appeal, these provisions were in effect and applicable.

4

According to an extract of the court's minutes, on November 3, 2017, the State's motion for new trial and motion to vacate judgment setting aside the bond forfeiture was denied by the trial court. No written judgment denying the motion for new trial and the motion to vacate was contained in the record, thus the State was ordered to and did supplement the record with written judgments in order to cure a problem of prematurity. Appellant's brief was timely filed on May 4, 2018; Bankers filed no brief in opposition.

**<u>Discussion</u>**

*Standard of Review:*

Since the State challenges the validity of two separate judgments setting aside two bond forfeitures, the validity of each judgment raises a question of law. As such, an appellate court reviews this matter de novo to determine whether the trial court's decision is legally correct. *State v. Jones*, 2015-1232, p. 3 (La. App. 4 Cir. 8/17/16), 200 So. 3d 950, 952, *writ denied*, 2016-1651 (La. 6/29/17), 222 So. 3d 48 (citing *French Quarter Realty v. Gambel*, 05–0933, p. 3 (La. App. 4 Cir. 12/28/05), 921 So. 2d 1025, 1027).

*Prematurity and Timeliness of Motion for New Trial:*

Although no opposition was filed to this appeal raising any procedural defects in its filing, we address two procedural concerns. First, the record in this case did not contain a written judgment entered by the trial court denying the State's motion for new trial and motion to vacate. Rather, the only evidence that the motions were ruled upon lies in the extract of the court's minutes dated November 3, 2017. For this reason, the State was ordered to supplement the record with written judgments relative to the motion for new trial and motion to vacate.

In *State v. Dennis*, this Court stated, "Bond forfeiture proceedings are unique because they are 'intrinsically civil matters,' and their outcomes are based upon provisions found within the Code of Civil Procedure and related jurisprudence." 2014-1258, p. 2 (La. App. 4 Cir. 4/29/15), 165 So. 3d 1124, 1126 (citing *State v. Allen*, 2011-2843, p. 2 (La. 4/13/12), 84 So. 3d 1288, 1288); *State v. Nellon*, 2012-1429, p. 5 (La. App. 4 Cir. 9/4/13), 124 So. 3d 1115, 1118; *City of New Orleans v. Young*, 2007-0925, pp. 1-2 (La. App. 4 Cir. 9/12/07), 967 So. 2d 539, 540). Perfecting an appeal of a judgment in a civil matter requires three procedural elements: (1) a motion or petition for appeal, (2) an order of appeal, and (3) notice of appeal. *Bremermann v. Bremermann*, 2005-0547, p. 2 (La. App. 4 Cir. 1/11/06), 923 So. 2d 187, 188 (citations omitted). Jurisdiction of the appellate court attaches upon the granting of the order of appeal. La. C.C.P. art. 2088; *Dennis*, 2014-1258, p. 3, 165 So. 3d at 1126; *Brennan's, Inc. v. Colbert*, 13-0943, p. 4 (La. App. 4 Cir. 9/25/13), 125 So. 3d 537, 539. However, an order of appeal is premature if granted before the court disposes of all timely filed motions for new trial or judgment notwithstanding the verdict. The order becomes effective upon the denial of such motions. La. C.C. P. art. 2087 D; *Merritt v. Dixon*, 97-0781, p, 2 (La. App. 4 Cir. 5/28/97), 695 So. 2d 1095, 1096 (citing *Sledge v. Continental Cas. Co.*, 26,472 (La. App. 2 Cir. 1/25/95), 654 So. 2d 358 (holding that appeal taken while a timely motion for a new trial is pending is premature and subject to dismissal because the motion suspends the operation of the final judgment being appealed). Where the trial court does not rule on the motion for new trial, the trial court is never divested of original jurisdiction, and the appellate court lacks jurisdiction to hear the appeal. *Id.* (citing *Bowers v. Viator*, 597 So. 2d 1250, 1252 (La. App. 3 Cir.1992)).

6

However, a defect of prematurity can be cured. *Sullivan v. Franicevich*, 2004-0321, p. 2 (La. App. 4 Cir. 3/9/05), 899 So. 2d 602, 604 (holding that trial court's denial of a motion for new trial during the pendency of an appeal cures the defect of prematurity). The Louisiana Supreme Court has held that once a previously existing defect has been cured, there is no useful purpose in dismissing an otherwise valid appeal. *Overmier v. Traylor*, 475 So. 2d 1094, 1094-95 (La. 1985). As the State has supplemented the record with written judgments disposing of the motion for new trial and motion to vacate, we find the issue of prematurity of the appeal to be moot.

Additionally, the judgments setting aside the two bond forfeitures currently under attack were issued on April 25, 2011, and January 28, 2013. The State did not file a motion for new trial in the lower court until August 9, 2017. Pursuant to La. C.C.P. art. 1974, the delay for applying for a new trial shall be seven days, exclusive of legal holidays. The delay for applying for a new trial commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913. See La. C.C.P. art. 1974. Notice of the signing of a final judgment is required in all contested cases, and shall be mailed by the clerk of court to the counsel of record for each party, and to each party not represented by counsel. La. C.C.P. art. 1913. As outlined previously, neither the April 25, 2011 judgment nor the January 28, 2013 judgment were mailed to the State. "In the absence of the clerk's certificate showing the date of the mailing of the judgment and to whom it was mailed, doubt should be resolved in favor of the right to appeal." *Garco, Inc. v. Rob's Cleaning and Powerwash, Inc.,* 2008-1249, p. 3 (La. App. 4 Cir. 4/22/09), 12 So. 3d 386, 388 (citing *Moon v. Moon*, 244 So. 2d 301, 302 (La. App. 1 Cir.1970)). Since notice of each judgment as required by

7

La. C.C.P. art.1913 was never effectuated, the State's motion for new trial was timely and the present appeal is properly before us.

The Court acknowledges that another case on similar facts was recently decided by this Court. In *State v. Financial Casualty and Surety, Inc.*, 2017-1014, 2018-0242, p.1 (La. App. 4 Cir. 11/7/18), -- So.3d --, 2018 WL 5830381, at * 1, the State filed a petition to annul two judgments, pursuant to La. C.C.P. arts. 2002 and 2004, in which the trial court had granted motions to set aside bond forfeiture. The State alleged that the bond forfeitures had been set aside improperly through fraud or ill practices on the part of the surety. The trial court, in its judgment, found no evidence in the record to support the State's claims and further found that the State had "acquiesced" in the judgment when it made no objection to the motion and when it "participated" in the hearing on the motion to set aside bond forfeiture. The trial court thus granted the surety's exception of no cause of action. This Court affirmed the trial court's judgments, specifically finding that the State was not deprived of its legal rights because it had fully participated in the motion hearing and "possessed all the information necessary to oppose the motion at the time the matter was heard." *Id.* at p. 5, 2018 WL 5830381, at *3.

In the case *sub judice*, there is no evidence to support that the State "acquiesced" in the trial court's judgment or that the State possessed all necessary information to oppose the motion at the hearing. In *Financial Casualty and Surety, Inc.*, *supra*, the trial court's judgment specifically indicated that the State had been served with the motions to set aside bond forfeiture. In this case, the State was not properly served with either of the two motions to set aside bond forfeiture nor was it served with the judgments granting the motions to set aside bond forfeiture. The transcripts from the hearings held on April 25, 2011, and January 28, 2013,

8

indicate that the State had no prior knowledge of the motions, did not have an opportunity to review the supporting documentation, and did not make argument before the trial court granted the motions. Although, with regard to the latter motion to set aside bond forfeiture, the State did agree to "submit [the motion] on the record," given the total lack of notice provided to the State, we find the State's submission of the motion to be factually distinguishable from the "acquiescence" found in *Financial Casualty and Surety, Inc.*, *supra*.

Additionally, it was the State's acquiescence in *Financial Casualty and Surety, Inc.*, *supra*, that prompted the Court to deem the motions to set aside bond forfeiture in that case as "uncontested," thus not requiring the judgments granting the bond forfeiture to be mailed by the Clerk of Court to the State in compliance with the notice requirements set forth in La. C.C.P. art. 1913. "Contested" and "uncontested" are not defined in the Louisiana Code of Civil Procedure. However, La. C.C.P. art. 963 provides:

> If the order applied for by written motion is one to which mover is clearly entitled without supporting proof, the court may grant the order ex parte and without hearing the adverse party.
>
> If the order applied for by written motion is one to which the mover is not clearly entitled, or which requires supporting proof, the motion shall be served on and tried contradictorily with the adverse party.
>
> The rule to show cause is a contradictory motion.

(Emphasis added).

Here, the motions were set for a rule to show cause and supporting proof was required before the motions could be granted. In the absence of the State's acquiescence, we find the State was entitled to proper notice in compliance with La. C.C.P. art. 1913 as the motions to set aside bond forfeiture were contradictory motions which are comparable to and arise from a "contested case." Having failed

9

to receive notice of the judgments rendered, the delay for applying for a new trial did not run and the State's new trial motions and this appeal are timely filed.

*Assignments of Error 1 and 2:*

The State challenges the validity of the judgment issued on April 25, 2011 wherein the trial court set aside the October 20, 2010 bond forfeiture on the ground that the trial court incorrectly granted Bankers relief under La. C.Cr.P. art. 345(D). The State asserts that Bankers failed to satisfy its burden of submitting satisfactory proof of incarceration at the time the motion to set aside was filed and also failed to submit proof of payment to the St. Bernard Sheriff's Office for the cost of returning Defendant to the custody of the St. Bernard Sheriff's Office.

"The purpose of bail (and a bond securing bail) is to ensure that the accused will appear at all stages of the proceedings to answer the charge for which he will be prosecuted." *Jones*, 2015-1232 at p.4, 200 So. 3d at 952 (citing *State v. Allen,* 11-0693, p. 4 (La. App. 4 Cir. 8/8/12), 98 So.3d 926, 929). When a defendant fails to be present in court at a scheduled appearance, the State may obtain a forfeiture of the surety bond. *Id.* However, bond forfeitures are not favored in Louisiana. *State v. Brown*, 11-0804, p. 2 (La. App. 4 Cir. 1/11/12), 80 So. 3d 1288, 1290 (citing *Bankers Ins. Co. v. State*, 37,080, p. 3 (La. App. 2 Cir. 4/11/03), 843 So.2d 641, 644). If the defendant does fail to appear, the State must strictly comply with statutory provisions to obtain a judgment of bond forfeiture. *Id.* Louisiana law also provides specific procedures for the defendant and sureties to object to judgments of bond forfeiture.

At the time the judgment of bond forfeiture was entered in the case *sub judice*, La. C.Cr.P. art. 345 set forth the procedures for a surety's surrender of a

10

defendant, as well as the consequences thereof.[4] A surety could surrender a defendant, in open court or to the officer charged with his detention, at any time prior to forfeiture or within the time allowed by law for setting aside a judgment of forfeiture of the bail bond, thus being relieved of all obligations under the bond and the judgment. La. C.Cr. P. art. 345(A). La. C.Cr.P. art. 349.8 (A)(1) provided, *inter alia*, that a bond under fifty thousand dollars may be set aside within 180 days after the date of mailing of the notice of the signing of the judgment of bond forfeiture.

If, however, during the 180-day period allowed for the surrender of the defendant, the defendant was found to be incarcerated in another jurisdiction, La. C.Cr. P. art. 345(D) authorized relief when the surety made a good faith attempt to satisfy its obligation of returning the defendant to the jurisdiction of the court seeking his appearance by effecting a "constructive surrender." Article 345(D) set forth three objective requirements which the surety needed to meet before the judgment of forfeiture could be deemed satisfied and the surety could be removed from any further obligations under the bail bond:

> 1) The defendant or his surety must file a motion within the period allowed for the surrender of the defendant.
>
> (2) The surety of the defendant must provide the court with adequate proof of incarceration of the defendant, or the officer originally charged with his detention must verify his incarceration. A letter of incarceration verifying that the defendant was incarcerated within the period allowed for the surrender of the defendant at the time the defendant or the surety files the motion, shall be deemed adequate proof of the incarceration of the defendant.

---

[4] Although Bankers March 9, 2011 motion to set aside bond forfeiture did not specify the particular bond provision through which Bankers was seeking relief, Article 345 appears to be the only viable avenue. No claim is made that defendant's failure to appear and subsequent incarceration was a fortuitous event nor would such an event relieve Bankers of its obligations to perform. See *Jones*, 2015-1232, pp. 8-9, 200 So. 3d at 954-55.

(3) The defendant's surety must pay the reasonable cost of returning the defendant to the officer originally charged with the defendant's detention prior to the defendant's return.

This Court has previously recognized that a surety must meet all three conditions before the surety's obligation is satisfied. *State v. Dennis*, 2015-0831, pp. 3-4 (La. App. 4 Cir. 8/10/2016), 198 So. 3d 272, 274-75. See also, *State v. International Fidelity Insurance Co.*, 32,837, 32,838, pp. 2-3 (La. App. 2 Cir. 3/1/00), 756 So.2d 565, 566 (holding that plain reading of the [Art. 345(D)] statute shows that a surety must meet all three conditions before the surety's obligation is satisfied and released).

With regard to the April 25, 2011judgment setting aside bond forfeiture, the State concedes that the first element was satisfied as Bankers timely filed, on March 9, 2011, a motion to set aside bond forfeiture, well within the 180 days of the November 4, 2010 mailing of the notice of the signing of the judgment of bond forfeiture. The State argues, however, that the second element was not fulfilled. The second element of Article 345(D)(2) required that the defendant be incarcerated within the period allowed for the surrender of the defendant and **be incarcerated at the time the defendant or the surety filed the motion**. *See,* La. C.Cr.P. art. 345(D)(2); *Jones*, 2015-1232, pp. 7-8, 200 So. 3d at p. 954 (present tense wording of provisions in Article 345 indicates that "continual incarceration is contemplated by the statute" and that the letter of verification need demonstrate that the defendant is incarcerated at that time). Here, Bankers failed to present sufficient evidence to show Defendant was still incarcerated on March 9, 2011, the date the motion to set aside bond forfeiture was filed. The Letter of Verification evidencing Defendant's incarceration which was submitted to the trial court merely showed that Defendant was incarcerated from December 7, 2010 through

December 15, 2010 and does not show Defendant was <u>still</u> incarcerated on March 9, 2011. Thus, the record does not support that Bankers could have "constructively surrendered" Defendant to the jailer in St. Bernard Parish from Orleans Parish Prison on March 9, 2011.

Because Bankers was unable to constructively surrender Defendant to St. Bernard Parish, the State also argues that the third requirement of Article 345(D) was not met by Bankers. Article 345(D)(3) required that Bankers must pay the "reasonable cost of returning the defendant to the officer originally charged with the defendant's detention prior to the defendant's return." In this case, there is no record evidence nor was any presented to the trial court prior to its issuance of the judgment setting aside the bond forfeiture to show that the costs owed under Article 345(D) were paid to the St. Bernard Sheriff's Office.

In sum, a plain reading of Article 345(D) shows that when a defendant is found in jail in another parish or a foreign jurisdiction, a surety must meet all three of the following conditions before the surety's obligation is satisfied. First, the filing of timely summary proceedings; second, the submission of proof of the defendant's incarceration at the time the motion to set aside is filed; and third, that "defendant's sureties" pay the reasonable cost of returning the defendant to the parish from which he absconded or failed to appear. Bankers did not meet either the second or third requirement under Article 345(D). The trial court thus could not have found that the bond obligation was satisfied under the statute and therefore had no basis for providing relief to Bankers under the authority of Article 345 (D). We therefore find that the April 25, 2011 judgment setting aside the bond forfeiture should be reversed, thus reviving the original forfeiture of the bond dated October 20, 2010.

*Assignment of Error 3*:

The State also challenges the January 28, 2013 judgment setting aside the April 3, 2012 judgment of bond forfeiture, arguing that the motion to set aside was untimely filed and Bankers submitted inadequate proof of Defendant's incarceration and the cause of his non-appearance.

In its motion to set aside the April 3, 2012 judgment of bond forfeiture, Bankers sought relief pursuant to (now former) La. C.Cr. P. art. 349.9, asserting that Defendant's non-appearance at the April 3, 2011 scheduled trial was the result of Defendant's incarceration in the Allen Correctional Center.

Article 349.9 provided, in pertinent part:

A. A judgment decreeing the forfeiture of an appearance bond shall not be rendered if it is shown to the satisfaction of the court that the defendant, principal in the bond, is prevented from attending because of any of the following:

(2) He is being detained in the jail or penitentiary of another jurisdiction.

B. An affidavit by the jailer, warden, or other responsible officer where the principal is detained, or commanding officer, attesting to the cause of the failure to appear of the defendant shall be considered adequate proof of the inability to appear by the defendant.

C. If a judgment of bond forfeiture is rendered while the defendant is prevented from appearing for any reason enumerated in this Article, and if the defendant or his sureties file a motion to set aside the judgment of bond forfeiture within one hundred eighty days after the date of the mailing the notice of the signing of the judgment of bond forfeiture, and it is shown to the satisfaction of the court that the defendant was prevented from attending for any cause enumerated in this Article, the court shall declare the judgment of bond forfeiture and void.

The State asserts that relief was not available to Bankers pursuant to Article 349.9 for two reasons: 1) the filing of the motion to set aside the bond forfeiture was untimely; and, 2) the affidavit submitted by Bankers purportedly from the

"jailer, warden, or other responsible officer where the principal is detained, or commanding officer, attesting to the cause of the failure to appear of the defendant" was deficient in form and inadequate to prove the defendant's inability to appear at the scheduled court proceeding.

Regarding the State's first argument, we agree that Bankers' motion to set aside the April 3, 2012 bond forfeiture was untimely filed. Bankers was required to file a motion to set aside a judgment of bond forfeiture within 180 days from the notice of the mailing of the judgment of bond forfeiture under La. C. Cr. P. art. 349.9. The notice of the mailing of the judgment of bond forfeiture to Bankers in this matter was dated April 24, 2012, and 180 days thereafter would be Sunday, October 21, 2012. Since the last date of the limitations period fell on a Sunday, Bankers had until Monday, October 22, 2012, to seek relief. Bankers did not file its motion to set aside bond forfeiture until October 23, 2012, one day too late. Accordingly, on its face, the motion to set aside bond forfeiture was untimely filed and relief was thus unavailable under Article 349.9.

Additionally, unlike the Article 345(D) requirement of a letter verifying incarceration, relief pursuant to Article 349.9 requires more. Specifically, Article 349.9(B) states that "an affidavit by the jailer, warden or other responsible officer where the principal is detained, or commanding officer, attesting to the cause of the failure to appear of the defendant shall be considered adequate proof of the inability to appear by the defendant." The State points to the October 19, 2012 "Letter of Incarceration" which was attached to Bankers' "Motion to Set Aside Judgment of Bond Forfeiture and Petition for Nullity of Judgment," noting deficiencies in that the letter is unsigned, unsworn, without letterhead from the Allen Correctional Center, and submitted by "Mary Peterson, Records Clerk", who

15

may or may not be a "responsible officer" from the prison facility.[5]Additionally, an affidavit is defined in Black's Law Dictionary (10th ed. 2014) as: "A voluntary declaration of facts written down and sworn to by a declarant, usu. before an officer authorized to administer oaths." By this definition, the "Letter of Incarceration" submitted by Bankers was insufficient to meet the "affidavit" requirement of Art. 349.9. Thus, after *de novo* review, we find the trial court erred in granting Bankers' "Motion to Set Aside Judgment of Bond Forfeiture and Petition for Nullity of Judgment" relative to the April 3, 2012 bond forfeiture.

We note that the record before this Court contains only one surety agreement issued on July 14, 2010. The State indicates that two bonds in the amount of $40,000 were executed and neither party asserted otherwise in the court below. However, on remand, the trial court should ascertain whether Defendant was released on the same bond agreement the second time during which he failed to appear for a scheduled court hearing or whether there is a second surety agreement that is missing from the record presented to this court.

For all the foregoing reasons, we reverse the two judgments setting aside bond forfeitures which were issued by the trial court on April 25, 2011, and January 28, 2013, respectively, reinstate the original judgments ordering forfeiture of the bonds in favor of the State, and remand for proceedings consistent with this Opinion.

**REVERSED AND REMANDED**

---

[5] The "Letter of Incarceration" is dated October 19, 2012, and indicates that Defendant was incarcerated at Allen Correctional Center from "3/9/12 until the present."