DYSART, Judge.
| ¶ Appellant, Financial Casualty & Surety, Inc. (“FCS”) appeals the trial court’s' denial of its Motion to Set Aside Judgment of Bond Forfeiture. Because the record contains no signed judgment by which the Motion was denied, this appeal is premature. We therefore dismiss this appeal and remand this matter to the trial court for further proceedings.
PROCEDURAL HISTORY
Ladareus Jones was charged by bill of information dated March 7, 2013 with possession of a controlled dangerous substance (cocaine), a violation of La. R.S. 40:967. The magistrate judge set bond at $22,500 and on April 12, 2013, two commercial surety bonds (one in the amount of $15,000 and the other in the amount of $7,500) were posted by FCS on Mr. Jones’ behalf. Mr. Jones failed to appear for his scheduled arraignment on April 26, 2013, at which time the State sought and obtained a judgment by which the bonds were forfeited and an alias capias for Mr. Jones’ arrest was issued without bond.[1] Notice of the judgment was sent by the trial court on May 30, 2013 by certified mail.
l2On October 23, 2013, FCS filed a Motion to Set Aside Bond Forfeiture (“Motion”), the basis of which was Mr. Jones’ incarceration in Orleans Parish Prison for one day, on July 9, 2013. FCS maintained that, under La.C.Cr.P. art. 345, Mr. Jones’ incarceration within the time allowed by law for setting aside a judgment of forfeiture, entitled it to be relieved of all obligations under the bond. In support of its Motion, FCS attached an August 14, 2013 Letter of Verification of Incarceration, re- *1021 fleeting that Mr. Jones was incarcerated for one day, July 9, 2013.
A hearing on the Motion was held on November 5, 2013, at which time the trial court took the matter under advisement. On November 12, 2013, the trial court denied the Motion in open court. At the conclusion of the hearing, counsel for FCS noted an objection to the ruling and FCS’s “intent to take an appeal.” The trial court inquired whether FCS “want[ed]” “30 days,” to which FCS responded in the affirmative. The trial court then stated “[t]hat would put us at December the 12th.”
A minute entry dated November 12, 2013 indicates that “the defense filed... Appellant’s First Motion for Extension of Time to File Appeal” and a “Notice of Appeal.” The entry then indicates that “the court gave a return date of February 17, 2014.” While the record contains a Notice of Appeal on FCS’s behalf and an order, it is not stamped by the Clerk’s Office; however, the Docket Master reflects that, on November 12, 2013, the defense (FCS) filed “Appellant’s First Motion for Extension of Time to File Appeal” and “Notice of Appeal.” The entry further states that “[t]he court gave a return date of 2/17/14.”[2] The Motion for Extension |3of Time in the record, too, is not stamped and the accompanying order granting the extension of time is neither stamped nor signed by the trial court.
A November 12, 2013 minute entry notes the date that the motion for appeal was granted was November 12, 2013. However, the record before us does not contain any signed order granting the appeal. The appeal was lodged with this Court on November 12, 2014. After it was lodged, the State filed a Motion to Dismiss Appeal for Untimeliness.
DISCUSSION
In its Motion to Dismiss, the State contends that bond forfeitures are civil matters, falling within the civil procedure rules, which require an order of appeal to perfect an appeal. The State argues that, because the record contains no signed order of appeal, the appeal is not properly before this Court and should, therefore, be dismissed. In response, FCS concedes that bond forfeitures are generally civil in nature; however, it argues that La.C.Cr.P. art. 914 allows for an oral motion for appeal, and that because the rules for appealing a judgment of bond forfeiture are specifically addressed by the Code of Criminal Procedure, those rules apply to this matter.
We need not reach the issue of whether FCS’s oral motion for appeal perfected an appeal. The record does not contain a signed judgment on FCS’s Motion and without a signed judgment, this appeal is premature. This issue was most recently addressed in State v. Doucet, 13-0772, unpub. (La.App. 1 Cir. 12/27/13), 2013 WL 6858271. In that case, after a bond forfeiture judgment was entered, the agent for the surety on the bond moved to set aside the judgment on the basis that the defendant was incarcerated in another state at the time she was to appear for trial. The hearing on the motion was continued several times and was | ultimately held in the absence of the agent’s attorney, at which time, the motion was denied. The record failed to show that the agent or the defendant were notified of the judgment. Eight years later, the agent moved to set aside the bond forfeiture. As in the instant *1022 case, the agent’s motion was denied and the trial court offered ... “a return date to ‘take writs’ ” and orally set a return date. Id., 13-0772, at *2. After noting that an appeal may only be taken “from a signed final judgment,” the First Circuit held that “[a] ruling denying a surety’s motion to set aside a judgment of bond forfeiture must be in the form of a written judgment signed by the trial judge.” Id. (Emphasis supplied). Although the trial court signed an order of appeal, the record contained no written judgment on the motion to set aside the bond forfeiture. Accordingly, the court lacked jurisdiction to consider the appeal, and it was dismissed as premature.
The Doucet case is in line with other decisions which addressed the same specific issue. See, State v. Ramee, 05-748, p. 2 (La.App. 5 Cir. 2/3/06), 922 So.2d 1247, „ 1248, (“[a] minute entry and an oral judgment [denying a motion to set aside a bond forfeiture] that has not been reduced to writing and signed by the trial judge are insufficient to divest jurisdiction from the trial judge, and for the appellate court to obtain jurisdiction.”); State v. Koroma, 544 So.2d 539, 540 (La.App. 5 Cir.1989)(“there is no written judgment on the motion to rescind[bond forfeiture]/nullity action from which American Bankers can appeal, but only a minute entry dated March 16, 1988. LSA C.C.P. art.1911 requires that, for purposes of an appeal, no appeal may be taken from a final judgment until the final judgment is signed by the judge. Absent a signed judgment in the record, an appeal is premature and must be dismissed.”).
|ñOur careful review of the record in the instant matter indicates that, while the transcript of the hearing on FCS’s Motion to Set Aside Bond Forfeiture reflects that the Motion was denied, as is also reflected in the minute entry and Docket Master, no written judgment was issued in connection with that ruling. Accordingly, this appeal is premature and we hereby dismiss the appeal.
CONCLUSION
For the reasons set forth herein, this appeal is dismissed as premature. This matter is remanded for further proceedings.
MOTION TO DISMISS APPEAL GRANTED; APPEAL DISMISSED; REMANDED.

. Mr. Jones and FCS were also ordered to pay interest, reasonable attorney's fees, and various court costs.

. The Docket Master incorrectly notes that, at the November 12, 2013 hearing, FCS “informed the court of its intent to seek writs. The court gave a return date of December 12, 2012.” The transcript of the hearing clearly reflects that counsel for FCS noted an intent to appeal the ruling, not an intent to file an application for a supervisory writ.