JAMES F.' MCKAY III, Chief Judge.
■ |,Financial Casualty & Surety, -Inc. (“Financial”) appeals the October 21, 2014 judgment, denying its motion to set aside judgment of bond forfeiture, and the December 9, 2014 judgment denying Financial’s motion for new trial. For the reasons set forth below, we reverse and remand for further proceedings.
STATEMENT OF FACTS AND PROCEDURAL HISTORY:
Defendant, Christopher Wilson, was arrested and charged with possession with intent to distribute marijuana and being a felon in possession of a firearm. Financial posted a $25,000.00 appearance bond.
On January 24, 2014, defendant failed to appear in court. , The court entered a judgment of bond forfeiture, and a capias was issued for defendant’s arrest. , An agent for Financial surrendered defendant to the Orleans Parish Sheriffs office on January 29, 2014. Financial paid the requisite surrender fee and was issued, a certificate of surrender pursuant to La. C.Cr.P. art. 345. Defendant remained in custody.
[¡..Defendant was brought to court on February 7, 2014. It appears from the record that the court was not aware that defendant appeared pursuant to a “surrender” by Financial. The court recalled the capias; reinstated the previous bond issued by Financial, and set aside the bond forfeiture. Defendant was released from custody. Thus, in spite of the fact that defendant was properly surrendered, the trial court erred in assuming that Financial remained obligated on the bond.
On March 13, 2014, defendant failed to appear in court on motions. The court issued a capias with no bond and granted a judgment of bond forfeiture. The clerk’s office mailed a notice of signing of the judgment of bond forfeiture on March 28, 2014.
On August 19, 2014, Financial filed a motion to Set aside the judgment of bond forfeiture. ' Financial asserted therein that the judgment should be set aside based on the January 29, 2014 surrender of defendant to the custody of the sheriff. Financial attached a copy of the January 29, 2014 certificate of surrender to its motion.
*953 The State opposed the motion to set aside bond forfeiture, asserting that Financial did not properly surrender defendant as provided by law. Specifically, the State argued that Financial failed to surrender defendant in accordance with the requirements set forth in both La.C.Cr.P. art. 345 cmd.La.R.S. 22:1585.
The court agreed with the State’s argument, finding that Financial was required to comply with both La.C.Cr.P. art. 345 and La. R.S. 22:1585. Judgment, was rendered October 21, 2014, denying Financial’s motion to set aside bond forfeiture. A motion for new trial was subsequently denied on December 9, 2014. Financial’s timely appeal followed,
LAW AND ANALYSIS:
This case involves the interpretation of the Louisiana bond forfeiture statute and the applicable sections of. the Louisiana Code of Criminal Procedure. The interpretation and application of -the statutes are matters of law subject,to a de.novo standard of review. State v. Lexington National Insurance Corp., 2013-1134, p. 2 (La.App. 3 Cir. 3/5/14), 134 So.3d 230, 232 citing Holly & Smith Architects, Inc. v. St. Helena Congregate Facility, Inc., 2006-582 (La.11/29/06), 943 So.2d 1037; State v. Nellon, 2012-1429 (La.App. 4 Cir. 9/4/13), 124 So.3d 1115).
Financial argues on appeal that the trial court erred in determining that Financial must comply with both La.C.Cr. P. art. 345 and La. R.S. 22:1585 to be relieved of its obligation under the bond and the judgment. We agree.
La.C.Cr.P. art. 345 provides in pertinent part:
(A) For purposes of surrendering the defendant, the surety may arrest him. Upon surrender of the defendant, the officer shall detain the defendant in his custody as upon the original commitment and shall acknowledge the surrender by a- certificate signed by him and delivered;to the surety. The officer shall retain and forward a copy of the certifícate to the court. After compliance with the provisions of Paragraph' F of this Article, the surety shall be fully and finally discharged and relieved of all obligations under the bond. [Emphasis added].
(C) When a surety receives either a certificate of surrender provided for in paragraph A of this .Article .., the surety shall pay a. fee of twenty-five dollars, to the officer charged with the defendant’s detention for recalling the capias, accepting the surrender ..., processing the paperwork, and giving the surety a certificate of surrender ... after compliance with paragraph F of this Article releasing him from his obligation under the defendant’s bond.
(F) When the defendant has been surrendered in conformity with this Article ..., the court shall, upon presentation of the certificate of surrender order that the surety be exonerated from liability on his bail obligation and shall order any judgment of forfeiture set aside.
La.C.Cr.P. art. 345, mandates that the sheriff, not the surety, forward a copy of the certificate of surrender to the court. Had the legislature intended to impose such a duty on the surety, it could have included specific language as it employed in La.C.Cr.P. art. 345(D)(2),. requiring the surety to provide the court with adequate proof when the defendant is found to be incarcerated in another jurisdiction.
It is evident from the record that Financial complied with La.C.Cr.P. art. 354. On January 29, 2014, Financial surrendered defendant to Orleans Parish Prison. The surrender fee was paid, and Financial was issued a certificate of surrender. Thus, *954 having complied with the provisions of article 354, Financial should be relieved of its obligation under the bond and the judgment. See La.C.Cr.P. art. 349.8(A)(1).[1]
We find no merit in the State’s argument that because Financial failed to comply with La. R.S. 22:1585, it should not be relieved from its bond obligation. La. R.S. 22:1585 is contained within Chapter 5 Sub-part C of the Insurance Code, which sets forth regulatory provisions for bail enforcement agents. Section 1585, in particular, is titled Surrender for nonpayment of premium, and provides the | ¡¡procedure and the responsibility of a surety when a defendant is surrendered for nonpayment of a premium.
Regarding notice of the surrender, La. R.S. 22:1585(B) states in pertinent part:
When a bail bond producer or surety surrenders a defendant, the bail bond producer or surety must file a written notification and a statement of surrender indicating the lawful reason for the surrender. That statement of surrender must be attached to the surrender or recommit form with a copy provided to the defendant, committing officer, and the court clerk.
Subsection (C) goes on to provide the imposition of penalties, i.e., suspension of license and fines, for the surety’s violation of the requirements set forth in the article. La. R.S. 22:1585 does not provide, however, that a violation of the statute by the surety would result in the surrender being deemed null and void, thus preventing a surety from being relieved of its obligation on the bond. La.C.Cr.P. art. 345, on the other hand, specifically dictates the procedures necessary for the surrender of a defendant in a criminal matter and for setting aside a judgment of bond forfeiture based on that surrender. Section (F) of article 345 provides that the surety shall be exonerated from liability on the bond “when the defendant has been surrendered in conformity with this Article.” It does not state that the surrender must also be in conformity with La. R.S. 22:1585 in order to set aside a judgment of bond forfeiture.
We find that Financial was only required to comply with La.C.Cr. P. art. 345 in order to be removed from its bond obligation. The trial court erred in holding that Financial was also required to comply with La. R.S. 22:1585 in order to set aside the bond forfeiture.
^CONCLUSION:
For the foregoing reasons, we find that the trial court erred in denying Financial’s motion to set aside the judgment of bond forfeiture and in denying Financial’s motion ■ for new trial. Accordingly, we reverse and remand for further proceedings.
REVERSED AND REMANDED

. La.C.Cr.P. art. 349.8(A)(1) provides that the judgment of bond forfeiture shall be set aside upon the timely surrender of the defendant. It further provides that the surrender of the defendant relieves the surety of its bond obligation.