SANDRA CABRINA JENKINS, Judge.
| financial Casualty & Surety, Inc. (“Financial”) appeals the trial court’s judgment dated May 5, 2015 denying its motion to set aside a judgment of bond forfeiture. For the reasons that follow, we affirm.
FACTS AND PROCEDURAL HISTORY
On January 18, 2013, the State filed a bill of information against appellee Doug *274 las Dennis, charging him with illegal carrying of a weapon by a convicted felon, a violation of La. R.S. 14:95.1. The magistrate judge set his bond at $20,000.00. On February 13, 2013, Financial, a commercial surety, issued an appearance bond for Mr. Dennis in the amount of $20,000.00. When Mr. Dennis failed to appear at a March 27, 2013 hearing, the State filed a motion for forfeiture;- of/the bond. The trial judge granted the State’s motion, and on March 27, 2013 entered a Judgment of Bond Forfeiture in favor of the State and against Mr. Dennis and Financial, in solido, in the sum of $20,000.00, plus court costs. That same.day, the trial court issued an alias capias with no bond for Mr. Dennis. The matter was continued without date, and on April 29, 2013, the clerk’s office , mailed a “Notice of Bond Forfeiture” to Financial.
[9,On October 23, 2013, Financial filed a “Motion to Set Aside Judgment of Forfeiture and Petition for Nullity of Judgment” (the “Motion to Set Aside Forfeiture”), with an attached letter of verification of incarceration from the “Marion County Sheriffs Office” dated June 25, 2013.[1] In the letter, the Sheriffs Office stated that Mr. Dennis was incarcerated in the Marion County Jail on April 2, 2013, and was released on April 22, 2013.
The State timely filed an opposition, and a hearing on the merits was held on November 5, 2013, after which the trial court took the matter under advisement. On November 12, 2013, in open court, the trial court denied Financial’s Motion to Set Aside Forfeiture,
Financial then appealed the matter to this Court. On April 29, 2015, this Court dismissed Financial’s appeal because there was no signed order of appeal and no signed judgment denying Financial’s Motion to Set Aside Forfeiture. State v. Dennis, 14-1258 (La.App. 4 Cir. 4/29/15), 165 So.3d 1124.
On May 5, 2015, the trial court signed a written judgment denying Financial’s Motion to Set Aside Forfeiture. Financial filed a motion and order for appeal, which the trial court signed on May 20, 2015. This timely appeal followed.
DISCUSSION
This case involves the interpretation of the Louisiana bond forfeiture statute and the applicable sections of the Louisiana Code of Criminal Procedure, which are matters of law subject to a de novo standard of review. State v. Wilson, 15-0338, at p. 3 (La.App. 4 Cir. 11/25/15), 179 So.3d 951, 953.
l.qLa. Code Crim. P. art. 345(D): Release of Surety When Defendant Is Incarcerated in a Foreign Jurisdiction.
La. Code Crim. P. art. 349.8 governs the surety’s satisfaction of a judgment of bond, forfeiture by the surrender of the defendant:
For bonds that have a face value under fifty thousand dollars,’ a judgment forfeiting the appearance bond shall at any time, within one hundred eighty days after the date of mailing the notice of the signing of the judgment of bond forfeiture, be fully satisfied and set aside upon the surrender of the defendant or the appearance of the defendants. The surrender of the defendant also relieves the surety of all obligations under the bond and the judgment.
La. Code Crim. P. art. 349.8(A)(1).
La. Code Crim. P. art. 345 sets forth the procedures for a surety’s surrender of a defendant, as well as the consequences *275 thereof. Under Article 345(A), a surety may surrender the defendant, in open court or to the officer charged with his detention, at any time prior to forfeiture or within the time allowed by law for setting aside a judgment of forfeiture of the bail bond. La. Code Crim. P. art. 345(A). After the court is presented with a certificate of surrender, the surety “shall be fully and finally discharged and relieved ... of all obligations under the bond.” Id.
If, however, during the'180-day period allowed for the surrender of the defendant, the defendant is found to be incarcerated in a foreign jurisdiction, the judgment of bond forfeiture is déemed satisfied if the surety meets all three of the following conditions: (1) the surety must file a motion within the period allowed for the defendant’s surrender; (2) the surety must provide the court with a letter of incarceration verifying that the defendant was incarcerated within the period allowed for the surrender of the defendant; and (3) the surety must pay the 1 ¿reasonable cost of returning the defendant to the officer originally charged with the defendant’s detention prior to the defendant’s return. La. Code Crim. P. art. 345(D).
The consequences of a surety’s compliance with the surrender provisions of La. Code Crim. P. art. 345(D) are set forth in La.Code Crim. P. art. 345(F), which states in pertinent part as follows:
When ... a letter of verification of in- . carceration has been issued to the surety as provided for in this Article, the court shall, upon presentation of the .., the, letter of verification of incarceration, order that the surety be exonerated from liability on his bail undertaking and shall order any judgment of forfeiture to be set aside.
In this case, on June 25, 2013, which was within, the 180-day surrender. period, the Sheriffs Office of Marion County issued a letter of verification of incarceration to Financial, stating that Mr. Dennis had been incarcerated- in the Marion County Jail beginning on April 2,. 2013, but had been released on April 22,2013.
We must decide whether La. Code Crim. P. art. 345(D) is intended to relieve a surety from its bond obligations when, as part of a motion to set aside a forfeiture judgment, the surety provides the trial court with proof that a defendant had been incarcerated in a foreign jurisdiction, but was no longer incarcerated as of the date of the filing of the surety’s motion.
Á criminal statute, like all other statutes, must be applied and interpreted in a manner that is logical and' consistent with the presumed purpose and intent of the | [¡legislature. State v. Nellon, 12-1429, p. 4 (La.App. 4 Cir. 9/4/13), 124 So.3d 1115, 1118.
The State argues that Financial is not entitled to relief under La. Code Civ. P. art. 345(D)- because Mr. Dennis was no longer in custody when Financial filed its Motion to Set Aside Forfeiture'. We agree.
The obvious purpose of compliance with La. Code Crim. P. art. 345(D) by a surety is to place the officer who was originally charged with the defendant’s detention in a position to take immediate action to assure the defendant’s return from incarceration in a foreign jurisdiction. See City of Lafayette v. Tyler, 14-663, p. 4 (La.App. 3 Cir. 12/10/14), 153 So.3d 1276, 1279. That never happened in this case because Mr. Dennis had been released from the Marion County Jail more than six months before Financial notified the trial court of his incarceration and release, making it impossible for the Orleans Parish Sheriffs Office to regain custody.
The statute’s purpose of returning a defendant to custody is furthered by the *276 requirement that the surety pay the reasonable cost of returning the defendant to the officer originally charged with the defendant’s detention prior to the defendant’s return. Financial admits that it did not pay the reasonable costs of transporting Mr. Dennis, as required by La. Code Crim. P. art. 345(D). We agree that transportation costs are not owed when the defendant is not incarcerated, since the original officer in charge did not incur costs to transport the defendant from a foreign jurisdiction. See State v. Ramee, 05-748, p. 4 (La.App. 5 Cir. 5/9/06), 930 So.3d 1092, 1094. The tender of payment requirement, however, further supports an interpretation of La. Code Crim. P. art. 345(D) that would not allow a surety to be exonerated from liability when a defendant is no longer incarcerated, and cannot be returned.
We agree with the State that La. Code Crim. P. art. 345(D) is intended to relieve a surety from its bond obligations only when a defendant cannot be surrendered by the surety because the defendant has been subsequently incarcerated in a foreign jurisdiction, and is still incarcerated when the surety’s motion to set aside the forfeiture judgment is filed. Ramee, 05-748 at p. 4, 930 So.3d at 1095; Nellon, 12-1429 at p. 4, 124 So.3d at 1118 n. 2 (La. Code Crim. P. art. 345(D) “allows for the constructive surrender of a defendant found to be incarcerated in a foreign jail”); State v. Matteson, 36,628, p. 6 (La.App. 2 Cir. 12/11/02), 833 So.2d 1199, 1203 (“A plain reading of section ‘D’ of article 345 shows that when a defendant is found in jail in another state, a surety must meet all three conditions before the surety’s obligation is satisfied.”); State v. Hill, 41,925, p. 11 (La.App. 2 Cir. 2/28/07), 953 So.2d 849, 855 (“Simply stated, [the surety] had six months ... to surrender the defendant or provide adequate proof that he was incarcerated elsewhere and provide the cost of his return to Ouachita Parish.”).
Accordingly, we find that the purpose of La. Code Crim. P. art. 345(D) would be defeated if Financial is relieved from liability under its bond obligation simply by furnishing the trial court with a letter of verification of incarceration that |7shows that Mr.' Dennis had already been released from incarceration in a foreign jurisdiction.
Financial also argues that it should be released from liability because' it could not have obtained a letter of verification of incarceration during the actual period of Mr. Dennis’s incarceration — between April 2, .2013 and April 22, 2013 — because the notice of bond forfeiture was not mailed to Financial until April 29, 2013. Because we find that, under these circumstances, Financial is not entitled to relief under La. Code Crim. P. art. 345(D), this argument has no merit.
In sum, the 180-day period for surrender elapsed without the surrender of Mr. Dennis, and without Financial’s compliance with the requirements of La. Code Crim. P. art. 345(D). Financial, therefore, is not entitled to have the forfeiture judgment set aside.
La. R.S. 15:83(C) and La. Code Crim. P. art. 345(1): Release of Surety Based on a Fortuitous Event.
Finally, Financial argues that it should be released from liability under the bond because it was “not reasonably foreseeable” that a law enforcement agency in a foreign jurisdiction, such as the Sheriffs Department in Marion County, would release a defendant in violation of an alias capias issued by a sister state. Financial’s defense is based on La. R.S. 15:83(C):
The surety is not liable for his failure to perform when it is caused by a fortuitous event that makes performance impossible. A surety is, however, liable *277 for his failure to perform when he has assumed the risk of such a fortuitous event. A fortuitous event is one that, at the time the contract was made, could not have been reasonably foreseen.
| sUnder La. Code Crim. P. art. 345(1), a surety may file either a motion for extension of time to surrender a defendant, or a motion to set aside a judgment of bond forfeiture, on the grounds that a fortuitous event has occurred and that the event has made it impossible for the surety to perform as required under the bond contract. After a contradictory hearing, and upon a finding of “proof satisfactory,” the court may: (1) set aside the forfeiture or grant the nullity; (2) grant an extension of up to 365 days from the expiration of the initial time period allowed for the surrender of the defendant; or (3) deny the relief. La. Code Crim. P. art. 345(1).'
The record does not show that Financial ever filed a motion for extension of time or a motion to set aside a judgment of forfeiture based on Article 345(1), or otherwise argued in' the trial court that it should be released from liability based on a “fortuitous event.” Financial’s October 23, 2013 Motion to Set Aside Forfeiture Judgment stated that it was seeking relief under La. Code Crim. P. art. 345(B), which governs the incarceration of a defendant by the officer originally charged with his detention, and does not even apply in this case. The trial court denied Financial’s Motion to Set Aside Forfeiture based on La. Code Crim. P. art. 345 and the fact that Mr. Dennis was incarcerated in [the] Marion County Sheriffs Office.
Under the Uniform Rules, Courts of Appeal, Rule 1-3, courts of appeal will review only issues which were submitted to the trial .court and which are contained in specifications of error, unless the interest of justice clearly requires otherwise. Because Financial’s defense based on a “fortuitous event” was not raised in the trial court, we need not address it. Névertheless, in the interests of justice, we will consider the' argument.
[ (¡Financial has not satisfied its burden of proving that the Marion County Sheriffs Office’s release of Mr. Dennis— purportedly in violation of the Orleans Parish alias capias — made it impossible for Financial to perform as required under its bond. On June 25, 2013, Financial learned that Mr. Dennis had been arrested in Marion County on April 2, 2013, and released from the Marion County Jail- on April 22, 2013. Financial had four more months to locate, apprehend, and surrender Mr. Dennis to the Orleans Parish Sheriffs Office pursuant to La. Code Crim. P. art. 345(A). Financial simply failed to honor its bail obligation, which was to ensure that Mr. Dennis appeared at all stages of the proceedings, submitted himself to the.orders and processes of the state, and did not leave the state without the permission of the court. La. Code Crim. P. art. 326(A).[2]
Also, Mr. Dennis was charged in Orleans Parish with the illegal carrying of a weapon by a convicted felon. The Orleans Parish District Attorney’s screening action form showed that Mr. Dennis’s earlier felony conviction was for possession of cocaine in Marion County, Indiana. The possibility that a defendant will flee to the jurisdiction of another state where he previously resided is an obvious and foreseeable risk involved in a bail bond obligation. Financial assumed that risk, and cannot now be relieved from its liability.
In sum, Mr. Dennis’s brief incarceration in another state’s jail, which ended when *278 he was released in .April 2013, did not make it. impossible for Financial to surrender Mr. Dennis-in Orleans Parish by October. 2013. Financial is not entitled to be released from liability under La. Code Crim. P. art. 345(1) based on a “fortuitous event.”
^CONCLUSION
Financial had 180 days from the mailing of the notice of judgment of forfeiture to either surrender Mr. Dennis, or have the judgment of bond forfeiture set aside by satisfying the requirements of either La. Code Crim. P. art. 345(D) or art. 345(1). Financial did neither. There is no law that allows a surety to be absolved of its obligations under a criminal appearance bond simply, by providing the trial court with a letter of verification of incarceration after the defendant already has been released from custody in a foreign jurisdiction.
■ Accordingly, wé affirm the judgment of the trial Court denying Financial’s Motion to Set Aside Forfeiture.
AFFIRMED
LOBRANO, J., concurs in the result.

. The face of the letter of incarceration does not identify the state in which the Sheriff's Office of Marion County is located. We note that several states have a Marion County!

. The record shows that the Orleans Parish Sheriff’s Office ultimately re-arrested Mr. Dennis on the outstanding capias on July 17, 2015.