| STATE OF LOUISIANA | * | NO. 2024-KA-0693 |
|---|---|---|
| VERSUS | * | |
| | | COURT OF APPEAL |
| JULIAN K. CORTEZ-MIRANDA | * | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

* * * * * * *


APPEAL FROM
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 550-100, SECTION "C"
Honorable Benedict J. Willard, Judge
* * * * * *
**Judge Nakisha Ervin-Knott**
* * * * * *

(Court composed of Judge Joy Cossich Lobrano, Judge Nakisha Ervin-Knott, Judge Monique G. Morial)


Jason R. Williams
District Attorney
Blaise C. D'Antoni
Assistant District Attorney
Patricia Amos
Assistant District Attorney
ORLEANS PARISH
619 South White Street
New Orleans, Louisiana 70119

      COUNSEL FOR APPELLANT


Aspen Steib Murphy
Sylvia E. Taylor
Alicia I. McDowell
Caroline Russ Minor
TAYLOR MCDOWELL STEIB MURPHY LAW LLC
1935 W. Airline Highway
LaPlace, Louisiana 70068

      COUNSEL FOR APPELLEE

      **JUDGMENT REVERSED AND RENDERED**
      **APRIL 30, 2025**

NEK
JCL
MGM

The State of Louisiana ("the State") appeals the trial court's March 18, 2025 judgment[1] denying its judgment of bond forfeiture. For the following reasons, we reverse the trial court's March 18, 2025 judgment and render judgment granting the State's judgment of bond forfeiture.

## FACTUAL AND PROCEDURAL HISTORY

On March 22, 2020, Julian Cortez-Miranda ("Defendant") was arrested in New Orleans, Louisiana for simple assault and domestic abuse battery on a pregnant victim, in violation of La. R.S. 14:38 and La. R.S. 14:35.3(K). Defendant's bail was set at $1,000.00. Defendant could not afford to pay his own bail; therefore, he was

---

[1] Due to the lack of a signed judgment in the record, on March 14, 2025, this Court issued a show cause order as to why this Court has jurisdiction over the instant appeal. *See State v. Jones*, 2014-1259, p. 4 (La. App. 4 Cir. 5/27/15), 171 So.3d 1020, 1022 ("[A] minute entry and an oral judgment [denying a motion to set aside a bond forfeiture] that has not been reduced to writing and signed by the trial judge are insufficient to divest jurisdiction from the trial judge, and for the appellate court to obtain jurisdiction."); *State v. Koroma*, 544 So.2d 539, 540 (La. App. 5th Cir. 1989)("there is no written judgment on the motion to rescind[bond forfeiture]/nullity action from which American Bankers can appeal, but only a minute entry dated March 16, 1988. LSA C.C.P. art.1911 requires that, for purposes of an appeal, no appeal may be taken from a final judgment until the final judgment is signed by the judge. Absent a signed judgment in the record, an appeal is premature and must be dismissed"). On March 24, 2025, this Court granted the State's motion to supplement the record with the signed trial court judgment – dated March 18, 2025 – denying the judgment of bond forfeiture and ordered the clerk of court for criminal district court in Orleans Parish to supplement the record with a copy of this judgment. The clerk of court complied with this Court's order on March 27, 2025.

1

bailed out of Orleans Parish Prison by Operation Restoration's Safety & Freedom Fund ("Operation Restoration")[2] on March 23, 2020.

The State filed a bill of information, on September 30, 2020, charging Defendant with domestic abuse battery on a pregnant victim and domestic abuse aggravated assault with a dangerous weapon in violation of La. R.S.14:35.3(K) and La. R.S. 14:37.7(A). Defendant failed to appear for his arraignment date of October 22, 2020, and his arraignment was reset for November 17, 2020. Defendant failed to appear for the new arraignment date, and the trial court reset his arraignment to December 15, 2020. Again, Defendant failed to appear for this December reset date. Defendant's arraignment was reset three more times, and, on April 6, 2021, after his continued failure to appear, the trial court issued a no bond alias capias. The clerk's office mailed the notice of alias capias[3] to Defendant on December 7, 2023, and on the next day, the clerk's office filed into the record the alias capias certificate.

On June 20, 2024, the State filed a rule to show cause for bond forfeiture. The show cause date for the State's bond forfeiture was set for July 9, 2024. However, the hearing did not go forward, and the court reset the bond forfeiture hearing to July 24, 2024. The docket master minute entry resetting the bond forfeiture hearing read, in pertinent part, "`>BOND FORFEITURE HEARING SET FOR 07/24/24 >SEND NOTICES. >NOTIFY DEFENDANT. >NOTIFY SURETY.`" Notwithstanding the minute entry of "notify surety", Operation Restoration was never served with notice of the bond forfeiture hearing set for July 24, 2024. During

---

[2] Operation Restoration is a community bail fund that posts bonds on behalf of individuals who are unable to afford to pay bail themselves.

[3] "Alias capias" is another word for arrest warrant. *See State v. Thomas*, 2013-0816, pp. 2-3 (La. App. 4 Cir. 3/19/14), 138 So.3d 92, 94 ("…the district attorney obtained a warrant, or *alias capias,* for the arrest of Ms. Thomas").

the July 24, 2024 hearing, counsel for Operation Restoration appeared at the bond forfeiture hearing and argued, in part, that Operation Restoration never received notice of the bond forfeiture. The trial court denied the State's judgment of bond forfeiture. On August 15, 2024, the State filed a motion for appeal, which was granted on the next day. This timely appeal follows.[4]

## STANDARD OF REVIEW

This Court has held that "[t]he interpretation and application of the [bond forfeiture and code of criminal procedure] statutes are matters of law subject to a *de novo* standard of review." *State v. Wilson*, 2015-0338, p. 3 (La. App. 4 Cir. 11/25/15), 179 So.3d 951, 953 (citing *State v. Lexington National Insurance Corp.*, 2013-1134, p. 2 (La. App. 3 Cir. 3/5/14), 134 So.3d 230, 232).

## DISCUSSION

As its sole assignment of error, the State asserts the trial court erred when it denied its judgment of bond forfeiture as the court was required to grant in accordance with La. C.Cr.P. art. 336. Specifically, the State argues that under La. C.Cr.P. art. 336, the trial court lacks discretion to deny a judgment of bond forfeiture when all the requirements of Article 336 have been met.

---

[4] In its Appellee brief, Operation Restoration briefly asserts the trial court's judgment denying the State's judgment of bond forfeiture is "classified as an interlocutory ruling rather than a final judgment,…" therefore, this appeal "is not the proper mechanism for appellate review" of the trial court's judgment. This Court has recognized that a judgment of bond forfeiture is an appealable judgment. *State v. Financial Casualty and Surety, Inc.*, 2017-1014, 2018-0242, p. 6 (La. App. 4 Cir. 11/7/18), 318 So.3d 713, 717 ("[W]hile an action to forfeit a bail bond or to declare null a judgment decreeing the forfeiture of a bail bond is a civil proceeding and subject to the rules of civil procedure, it is treated as a criminal proceeding for the purpose of determining appellate jurisdiction." *State v. Wheeler*, 508 So.2d 1384, 1386 (La.1987). As a final, appealable judgment subject to the Louisiana rules of civil procedure, Appellant had sixty (60) days from "[t]he expiration of the delay for applying for a new trial or judgment notwithstanding the verdict if no application has been filed timely[,]" or from "[t]he date of the mailing of notice of the court's refusal to grant a timely application for a new trial or judgment notwithstanding the verdict, as provided under Article 1914" to file its devolutive appeal. La.C.C.P. art. 2087.").

3

A bond forfeiture is essentially a civil proceeding; however, it is subject to the rules set forth in the Code of Criminal Procedure. *State v. Young*, 47,387, p. 7 (La. App. 2 Cir. 9/26/12), 106 So.3d 116, 120. In Louisiana, bond forfeitures are generally not favored. *State v. Magee*, 2018-0355, p. 10 (La. App. 4 Cir. 9/4/19), 282 So.3d 271, 278 (citing *State v. Brown*, 2011-0804, p. 2 (La. App. 4 Cir. 1/11/12), 80 So.3d 1288, 1290). "If the defendant does fail to appear, the State must strictly comply with statutory provisions to obtain a judgment of bond forfeiture." *Id.* Louisiana Code of Criminal Procedure Article 336 sets forth the requirements the State must comply with in order to obtain a forfeiture of a criminal bail bond, and provides, in pertinent part:

> A. The court at a contradictory hearing shall forfeit the bail undertaking and sign a judgment of bond forfeiture upon proof of all of the following:
>
> > (1) The bail undertaking.
> > (2) The power of attorney, if any.
> > (3) Notice to the defendant and the surety as required by Article 334.
> > (4) Proof that more than one hundred eighty days have elapsed since the notice of warrant for arrest was sent.

The State contends that at the show cause hearing, it fully complied with Article 336 by providing the trial court with a copy of the bail undertaking, proof of notice to the defendant as outlined in La. C.Cr.P. Article 334[5], and proof that the

---

[5] Regarding the notice of warrant of arrest for a defendant's failure to appear in court, La. C.Cr.P. art. 334 states:

> After a warrant for arrest is issued, the clerk of court shall, within sixty days, send a notice of warrant for arrest to the prosecuting attorney. The notice shall also be sent by United States mail or electronic means to the defendant, the bail agent or bondsman, if any, and the personal surety. Notice shall be sent by electronic means or by certified mail return receipt requested to the commercial surety. All notices shall be sent to the addresses provided pursuant to Article 329 or an address registered with the Louisiana Department of Insurance. The notice to the commercial surety shall include the power of attorney number used to execute the bail undertaking. Failure to include the power of attorney number shall not affect the validity or enforcement of a resulting judgment. After sending the notice of

4

defendant did not reappear within the 180 days following the mailing of the notice of alias capias to the Defendant. Thus, the State maintains it is entitled to bond forfeiture. Conversely, Operation Restoration argues that that State did not fully comply with Article 336 because it was never provided notice as required by La. C.Cr.P. art. 334.

In this case, the dispositive issue is whether Operation Restoration is entitled to the same procedural due process required for sureties as outlined in La. C.Cr.P. arts. 334 and 336. Louisiana Code of Criminal Procedure Articles 311, *et seq.*, "address the bail obligation and the security for performance of the bail undertaking." S*tate, City of Bossier v. Miller*, 40,492, p. 6 (La. App. 2 Cir. 1/25/06), 920 So.2d 408, 412. "Bail is the security given by a person to assure a defendant's appearance before the proper court whenever required." La. C.Cr.P. art. 311(1). There are several types of bail: (1) bail with a commercial surety; (2) bail with a secured personal surety; (3) bail with an unsecured personal surety; (4) bail without surety; and (5) bail with a cash deposit. La. C.Cr.P. art. 321(A).

"When a party posts an appearance bond for release of a defendant pending criminal proceedings, a suretyship[6] agreement with the state is created. This agreement creates a civil contract based on an act under private signature, breach of which will lead to a money judgment against the surety." *State v. Sampy*, 2018-877, p. 3 (La. App. 3 Cir. 6/5/19), 274 So.3d 171, 173 (quoting *Miller* at pp. 6-7, 920 So.2d at 412). "A surety underwriting a bond guarantees that a defendant will be

---

warrant for arrest, the clerk of court shall execute a certificate that notice was sent and place the certificate in the record. Failure to send notice to the commercial surety within sixty days shall release the surety of all obligations under the bail undertaking.

6 Suretyship is defined as "an accessory contract by which a person binds himself to a creditor to fulfill the obligation of another upon the failure of the latter to do so." La. C.C. art. 3035.

present at each stage of the proceedings, that he will submit to the orders of the court, and that he will not leave the state without permission of the court." *Young* at p. 7, 106 So.3d at 119 (citing *Miller, supra*). Louisiana Civil Code Article 3038 provides that a suretyship agreement must be "express and in writing."

Operation Restoration concedes that it is neither a commercial or legal surety.[7] Nevertheless, Operation Restoration maintains it should be treated as an ordinary surety because it posted a cash bond as a security on behalf of the Defendant and upon forfeiture of the bond would lose its cash deposit. In order to be released from jail, Defendant executed an "Appearance Bond" ("Bond") and paid a $1,000.00 cash bond, which was supplied by Operation Restoration. Under the section of the Bond entitled "Bond Obligation," it provides:

> Defendant acknowledges himself/herself to owe the State of Louisiana the sum of the above-stated Bond Amount, for the true payment of which sum he/she binds himself and his/her heirs, executors, and administrators firmly by these presents, and surrenders the cash or instrument deposited with the Clerk of Court on this Date. The condition of this Obligation is such, that it the Defendant shall personally appear before the Criminal District Court, New Orleans Municipal Court, or New Orleans Traffic Court as notified on this Bond, or as he/she shall be given legal notice at the address provided herein, on the day from which he/she shall be so notified, and then on whatever day afterwards the Court shall be held, as he/she shall be so notified in Court or by lawful notice at the address provided herein, to answer to the State for the above-stated Charge, or any related charge of the same or a lesser class brought under the same Affidavit/Item Number; and if the Defendant shall at all times hold himself/herself amenable to the orders and process of the Court, and accept notice as provided by law, and shall immediately notify the Clerk of Court by

---

[7] According to La. C.C. art. 3041, there are three types of suretyships: (1) commercial suretyship; (2) legal suretyship; and (3) ordinary suretyship. "A commercial suretyship is one in which: (1) The surety is engaged in a surety business; (2) The principal obligor or the surety is a business corporation, partnership, or other business entity; (3) The principal obligation arises out of a commercial transaction of the principal obligor; or (4) The suretyship arises out of a commercial transaction of the surety." La. C.C. art. 3042. "A legal suretyship is one given pursuant to legislation, administrative act or regulation, or court order." La. C.C. art. 3043. An ordinary suretyship is one that is neither commercial nor legal. La. C.C. art. 3044.

filing a written declaration of any change of address from the address provided in this Bond; and if the Defendant, should he/she plead or be found guilty, shall appear for pronouncement of the sentence; and if the Defendant shall, in the meantime, keep the peace, and not leave the State of Louisiana without written permission of the Court; then, and only thereafter, this Obligation shall be null and void, else in full force and virtue. In the event that this Bond is forfeited and the Judgement of Bond Forfeiture is not satisfied within the delays provided by law, it is further agreed that the Defendant shall pay, in addition to the Amount of this Bond, legal interest from the date said Judgment of Bond Forfeiture is rendered until the date the Judgment is satisfied; reasonable attorney's fees in the amount of twenty-five percent (25%) of the Amount of this Bond; and all other legal costs incurred by the State of Louisiana in the enforcement of said Judgment.

On the Bond, "Montrell Carmouche" and "New Orleans Safety & Freedom Fund" are specifically named as "Depositor." However, according to the language contained in this Bond agreement, Operation Restoration does not assume any obligation to ensure Defendant's appearance at his court proceedings.

As previously noted, a surety undertaking a bond assumes the obligation to ensure that a defendant will appear in court for his or her court proceedings. Although Operation Restoration is listed as a depositor, this Bond agreement is insufficient to serve as an express and written suretyship contract as Operation Restoration assumed no obligation to ensure Defendant's appearance at his court proceedings. In the record, there is no other written agreement evidencing Operation Restoration's assumption of this obligation. Without written evidence of suretyship, specifically the assumption of the obligation to ensure Defendant's presence in court, Operation Restoration has no standing as a surety and is not entitled to notice under La. C.Cr.P. art. 334.

The State fully complied with La. C.Cr.P. art. 336 by providing the trial court with a copy of the bail undertaking, proof of notice to the Defendant as outlined in La. C.Cr.P. Article 334, and proof that the Defendant did not reappear within the

180 days following the mailing of the notice of alias capias to the Defendant. Thus, the State was entitled to bond forfeiture, and the trial court erred in denying the State's judgment of bond forfeiture.

## DECREE

For the foregoing reasons, we reverse the trial court's March 18, 2025 judgment and render judgment granting the State's judgment of bond forfeiture.

**JUDGMENT REVERSED AND RENDERED**