| STATE OF LOUISIANA | * | NO. 2024-KA-0647 |
| --- | --- | --- |
| VERSUS | * | |
| | | COURT OF APPEAL |
| URALLE A. PRICE, JR. | * | |
| | | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

* * * * * * *

CONSOLIDATED WITH:                    CONSOLIDATED WITH:

STATE OF LOUISIANA                    NO. 2024-KA-0648

VERSUS

ROBERT J. RAYFORD

APPEAL FROM
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 555-502, SECTION "G"
Judge Nandi Campbell
* * * * * *
**Judge Tiffany Gautier Chase**
* * * * * *

(Court composed of Judge Paula A. Brown, Judge Tiffany Gautier Chase, Judge Dale N. Atkins)

Jason R. Williams
District Attorney
Parish of Orleans

Blaise C. D'Antoni
Assistant District Attorney
Patricia Amos
Assistant District Attorney
619 South White Street
New Orleans, Louisiana 70119

        COUNSEL FOR STATE OF LOUISIANA

Aspen Steib Murphy
Sylvia E. Taylor
Alicia I. McDowell
Caroline Russ Minor
TAYLOR MCDOWELL STEIB MURPHY LAW LLC
1935 W. Airline Highway
LaPlace, LA 70068

    COUNSEL FOR APPELLEE

**REVERSED AND REMANDED**
**JUNE 13, 2025**

*TGC*
*PAB*
*DNA*

We consolidated two cases in which, Appellant, the State of Louisiana (hereinafter "the State"), seeks review of two separate district court rulings from May 30, 2024. Specifically, the district court denied the State's "Motion for Rule to Show Cause for Bond Forfeiture." After consideration of the record before this Court and the applicable law, we reverse the district court's rulings and remand the matters for further proceedings consistent with this opinion.

### Facts and Procedural History

This case involves two separate bond forfeiture proceedings. Defendants, Uralle Price Jr. and Robert Rayford (hereinafter collectively "Defendants"), were arrested separately for two different offenses.[1] Each Defendant made initial appearances and bail was originally set at $3,000.00 for Mr. Price and $5,000.00 for Mr. Rayford.[2] Defendants posted bond in which each bond obligation was underwritten by Appellee, Operation Restoration's Safety & Freedom Fund

---

[1] Uralle Price Jr. was arrested on April 19, 2022 for drug related charges in violation of La. R.S. 40:966(A)(2), La. R.S. 40:970 and La. R.S. 40:1023. Robert J. Rayford was arrested on September 7, 2022 for domestic battery related charges in violation of La. R.S. 14:35.3 and La. R.S. 14:37.7(A).

[2] Bail was reduced to $1,000.00 for Mr. Price and $2,000.00 for Mr. Rayford.

(hereinafter "Operation Restoration"), through its agent, The Bail Project. The State filed bills of information charging Defendants with violating various misdemeanor offenses.[3]

After Defendants failed to appear in court as scheduled, the district court issued alias capiases for the arrest of each defendant. Thereafter, the State filed a "Motion for Rule to Show Cause for Bond Forfeiture" maintaining Defendants failed to appear or self-surrender within one-hundred and eighty days of the notice. In both matters, Operation Restoration was not served with a notice of either Defendants' alias capias or notice of the bond forfeiture hearing. Nonetheless, Operation Restoration appeared at the hearings. It maintained that the district court should deny the State's motions as Operation Restoration was not afforded notice of the Defendants' alias capiases or of the bond forfeiture hearings. The State conversely argued that it complied with the procedural requirements set forth in La. C.Cr.P. arts. 334, 335 and 336 and that judgment should be issued in its favor. The district court denied the State's motions on May 30, 2024, finding that Operation Restoration should be afforded notice. This appeal followed.

## Standard of Review

The pertinent inquiry before this Court rests upon the trial court's interpretation of Louisiana's bond forfeiture statutes and the applicable code of criminal procedure. *State v. Wilson*, 2015-0338, p. 3 (La.App. 4 Cir. 11/25/15), 179 So.3d 951, 953. Because this case presents a legal question, we will review this case *de novo*. *State v. Jones*, 2019-1052, pp. 2-3 (La.App. 4 Cir. 4/29/20), 299

---

[3] Mr. Price was charged with violating La. R.S. 40:966(B)(2)(a) on September 16, 2022 and Mr. Rayford was charged with violating La. R.S. 14:35.3 and 14:37 on October 11, 2022.

2

So.3d 654, 656 (citation omitted). Special weight is not given to the findings of the district court. *Id.*

## Discussion

On appeal, the State maintains that the district court erred in denying its motion for bond forfeiture due to its misinterpretation of La. C.Cr.P. arts. 334, 335 and 336. Operation Restoration conversely asserts that it should be notified and afforded the same procedural protections as a surety. Based upon the parties' arguments, we find the central issue in this case to be whether the district court should have afforded Operation Restoration the same procedural due process protections as a surety.

Criminal bail bonds are both criminal and civil in nature and are therefore governed by laws related to civil contracts and criminal procedure. La. R.S. 15:83. "Bond forfeitures are not favored in Louisiana" and to obtain a judgment of bond forfeiture against a surety, the State must strictly comply with certain statutory rules. *Jones*, 2019-1052, p. 2, 299 So.3d at 656 (citations omitted).

"Bail is the security given by a person to assure a defendant's appearance before the proper court whenever required." La. C.Cr.P. art. 311(1). There are five types of bail in Louisiana: (1) bail with a commercial surety; (2) bail with a secured personal surety; (3) bail with an unsecured personal surety; (4) bail without a surety; and (5) bail with a cash deposit. La. C.Cr.P. art. 321(A)(1-5). A commercial surety is one "authorized to do business in the state of Louisiana . . . for the release of a person on a bail or undertaking." La. C.Cr.P. art. 322. A defendant may furnish a bail undertaking, in lieu of a surety, that is secured by a deposit by an officer authorized to accept the bail. La. C.Cr.P. art. 326(A)(1). This deposit may consist of cash, a certified or cashier's check, a bond of the United

States government, a bond of the state of Louisiana or money orders. La. C.Cr.P. art. 326(A)(1)(a-e). "When a party posts an appearance bond for release of a defendant pending criminal proceedings, a suretyship agreement with the state is created. This agreement creates a civil contract based on an act under private signature, breach of which will lead to a money judgment against the surety." *State v. Cortez-Miranda*, 2024-0693, p. 5 (La.App. 4 Cir. 4/30/25), ___ So.3d___, ___, 2025 WL 1248635, *3 (quoting *State v. Sampy*, 2018-877, p. 3 (La.App. 3 Cir. 6/5/19), 274 So.3d 171, 173 (citation omitted). "Suretyship must be express and in writing." La. C.C. art. 3038.

The remaining, relevant, statutory rules regarding notice of bond forfeitures are set forth in La. C.Cr.P. arts. 334, 335 and 336. La. C.Cr.P. art. 334 provides, in pertinent part:

> After a warrant for arrest is issued, the clerk of court shall, within sixty days, send a notice of warrant for arrest to the prosecuting attorney. The notice shall also be sent by United States mail or electronic means to the defendant, the bail agent or bondsman, if any, and the personal surety. Notice shall be sent by electronic means or by certified mail return receipt requested to the commercial surety.

La. C.Cr.P. art. 335 provides:

> If the defendant fails to make an appearance and has not been surrendered or constructively surrendered within one hundred eighty days of the execution of the certificate that notice of warrant for arrest was sent, the prosecuting attorney may file a rule to show cause requesting that a bond forfeiture judgment be rendered. The rule to show cause shall be mailed to the defendant and served on all other parties against whom a judgment is sought. The rule to show cause shall be set for a contradictory hearing.

La. C.Cr.P. art. 336 provides:

> The court at a contradictory hearing shall forfeit the bail undertaking and sign a judgment of bond forfeiture upon proof of all of the following:
>
> (1) The bail undertaking.

4

(2) The power of attorney, if any.
(3) Notice to the defendant and the surety as required by Article 334.
(4) Proof that more than one hundred eighty days have elapsed since the notice of warrant for arrest was sent.

The State argues that Operation Restoration is not entitled to notice of the Defendants' arrests and bond forfeiture hearings because it is not a surety. Rather, the State asserts that Operation Restoration is a cash depositor. Operation Restoration conversely maintains that because it posted a cash bond as security on behalf of Defendants, its position is akin to a surety and is therefore entitled to notice. The trial court concluded that Operation Restoration is "a party against whom judgment is sought" and is therefore entitled to notice under La. C.Cr.P. arts. 334, 335 and 336. We disagree.

The criminal appearance bonds in the record shows that The Bail Project paid the Defendants' bonds as the "DEPOSITOR," which provides:

> Defendant acknowledges himself/herself to owe the State of Louisiana the sum of the above-stated Bond Amount, for the true payment of which sum he/she binds himself and his/her heirs, executors, and administrators firmly by these presents, and surrenders the cash or instrument deposited with the Clerk of Court on this Date. The condition of this Obligation is such, that it the Defendant shall personally appear before the Criminal District Court, New Orleans Municipal Court, or New Orleans Traffic Court as notified on this Bond, or as he/she shall be given legal notice at the address provided herein, on the day from which he/she shall be so notified, and then on whatever day afterwards the Court shall be held, as he/she shall be so notified in Court or by lawful notice at the address provided herein, to answer to the State for the above-stated Charge, or any related charge of the same or a lesser class brought under the same Affidavit/Item Number; and if the Defendant shall at all times hold himself/herself amenable to the orders and process of the Court, and accept notice as provided by law, and shall immediately notify the Clerk of Court by filing a written declaration of any change of address from the address provided in this Bond; and if the Defendant, should he/she plead or be found guilty, shall appear for pronouncement of the sentence; and if the Defendant shall, in the meantime, keep the peace, and not leave the State of Louisiana without written permission of the Court; then, and only thereafter, this Obligation shall be null and void,

else in full force and virtue. In the event that this Bond is forfeited and the Judgment of Bond Forfeiture is not satisfied within the delays provided by law, it is further agreed that the Defendant shall pay, in addition to the Amount of this Bond, legal interest from the date said Judgment of Bond Forfeiture is rendered until the date the Judgment is satisfied; reasonable attorney's fees in the amount of twenty-five percent (25%) of the Amount of this Bond; and all other legal costs incurred by the State of Louisiana in the enforcement of said Judgment.

The bond obligation states that the "Defendant acknowledges himself/herself to owe the State of Louisiana the sum of the above-stated Bond Amount." Operation Restoration signed the bond obligation as the "DEPOSITOR." There is no express agreement, in writing, that defines Operation Restoration as a surety. While Operation Restoration and the Defendants have a written agreement as to a cash deposit, there is no indication that Operation Restoration assumed an obligation to ensure the Defendants' appearances at all stages of the proceedings. *Cortez-Miranda*, 2024-0693, p. 5, ___ So.3d at ____, 2025 WL 1248635, * at 5. Rather, the agreement between the Defendants and Operation Restoration is akin to a financial relationship as provided for in La. C.Cr.P. art. 326 which states, "[i]n lieu of a surety the defendant may furnish a bail undertaking, secured by a deposit by an officer authorized to accept the bail." For a third person to gain protection, "he must show himself to be acting as a surety with the agreement of the other party to the suretyship contract which is the state… ." *State, City of Bossier City v. Miller,* 40,492, p. 8 (La.App. 2 Cir. 1/25/06), 920 So.2d 408, 412. The bond obligation was a contract executed by the Defendants and Operation Restoration. There is no evidence of a suretyship agreement or a contract between the State and Operation Restoration. *See* La. C.C. art. 3038. We therefore find that the bond obligation signed by Operation Restoration and Defendants does not create a suretyship contract between the State and Operation Restoration.

Commercial sureties, secured personal sureties and unsecured personal sureties are defined in the code of criminal procedure. A commercial surety is a "surety company authorized to do business in the state of Louisiana." La. C.Cr.P. art. 322. A secured and unsecured personal surety must be natural persons domiciled in the state of Louisiana who own property in the state. La. C.Cr.P. arts. 311(6), 323 and 324. Although Operation Restoration argues that it is a surety under Louisiana's Civil Code articles 3041-3044, Louisiana's Code of Criminal Procedure sets forth specific parameters for bond forfeiture proceedings and bail undertakings. Operation Restoration acknowledges that it is not a commercial or a legal surety, but maintains that it can be defined as a surety pursuant to Louisiana's Civil Code because it "posted a cash bond as security on behalf of the defendant." We find this argument inapposite.

Bond forfeiture are civil in nature and are subject to the rules set forth in Louisiana's Code of Criminal Procedure. *See* La. R.S. 15:38; *Cortez-Miranda*, 2024-0693, p. 4, ___ So.3d at ____, 2025 WL 1248635, * at 2 (citation omitted). Operation Restoration is not qualified to do business in the State of Louisiana as a bail agent, bondsman or even as a surety. *See* La. C.Cr.P. art. 322. Nor can Operation Restoration be classified as a personal surety as it is not a natural person. When there is law that is specifically directed to the matter at issue, we must apply those provisions. *LeBreton v. Rabito*, 1997-2221, p. 7 (La. 7/8/98), 714 So.2d 1226, 1229. If statutes conflict, "the statute specifically directed to the matter at issue must prevail as an exception to the statute more general in character." *Anderson v. Briggs*, 2023-0814, p. 25 (La.App. 4 Cir. 4/25/25), ___ So.3d___, ___, 2025 WL 1201891, *11 (quoting *Rabito*, 1997-2221, p. 7, 714 So.2d at 1229).

7

Under the relevant Louisiana bond forfeiture statutes and code of criminal procedure there is no indication that the State nor the district court is required to provide notice to one who submits a cash deposit on behalf of a defendant. While the district court found that Operation Restoration was entitled notice as it is one "against whom judgment is sought," we find that once Operation Restoration failed to obtain a license as a bail agent, bondsman or qualify as a surety, it assumed the risks of its cash deposit without the protections that are afforded to sureties in Louisiana. *See generally* La. C.Cr.P. art. 326(A); *Miller,* 40,492, p. 8, 920 So.2d at 412. Louisiana's Criminal Code of Procedure article 334 provides that, after an arrest, notice shall be sent to a bail agent, bondsman, personal surety and/or the commercial surety. The State complied with the necessary procedural requirements set forth in La. C.Cr.P. arts. 334, 335 and 336. Considering La. C.Cr.P. arts. 334, 335 and 336 in *pari materia*, a district court is required to forfeit a bond undertaking when notice has been sent to a bail agent, bondsman, personal surety and/or the commercial surety. Accordingly, the district court erred in denying the State's motions for bond forfeiture.

## Conclusion

Our review of Louisiana law related to civil contracts and criminal procedure does not necessitate notice for an entity such as Operation Restoration. While we are cognizant of Operation Restoration's commitment to affording bonds to the indigent population, "as [an] intermediate appellate court, we are confined by the law as it exists at this time." *Niang v. Dryades YMCA Sch. of Comm., Inc.*, 2019-0425, p. 11 (La.App. 4 Cir. 12/4/19), 286 So.3d 506, 513. Based on the record before this Court and the current law, we conclude that Operation Restoration is not entitled to the same notice requirements as a surety. Therefore,

8

the district court's rulings denying the State's motions for bond forfeiture are reversed.

## <u>Decree</u>

Based on the foregoing, the district court's May 30, 2024 rulings are reversed and the matters are remanded for further proceedings consistent with this opinion.

**REVERSED AND REMANDED**